Chief Justice Robertson
delivered Ihe Opinion of the Court,
George McDonald sued James Venable in ejectment, ’ tor about one hundred and thirteen acres of land, which the latter had Occupied about eighteen years, under a parol gift from his father, Abraham Venable, and obtained a judgment for eviction: to reverse which this appeal is prosecuted;
McDonald derived title by deed from Abraham Venable in 1822; which the appellant resisted, chiefly on the ground that his father had, by a prior deed of mortgage, conveyed the same land to McDonald and one George Norton. This latter deed conveyed two hundred and fofty-five acres of land on which Abraham, Venable “then lived, bounded according to two deeds'’ to him “from Car and Ferguson.” Those deeds conveyed three hundred and sixty-seven adres; and the appellant, under the parol gift to him, of about one hundred acres thereof, which had been laid ofF to him by actual survey, was living on the one hundred acre tract at the date of the mortgage.
As there is no sufficient ground for presuming a written conveyance from Abraham Venable to the appellant—only three questions are presented for adjudication:—first—did the Circuit Court err in setting aside an order nonsuiting the appellee? second—was there proof of sufficient notice to quit? and, third—is the appellee entitled to a judgment for the entire tract which has been adjudged to him, -or is he entitled to only a moity thereof?
First. As the nonsuit was set aside during the term at *337 \Vhich it was ordered, and the record shows no reason éither for ordering it or for rescinding the order—this Court cannot decide that the Circuit Judge érred in reinstating the cause; because we must presume, until the contrary appear, that all judgments and orders by the inferior courts', having jurisdiction, are right.
An occupant,uni der an executory contract’, is a quasi tenant at will, and, though he could not pá evicted . without a previous demand of.the possession, he is not entitled to. sii months notice to quit.. , . .....
Vendor and purchaser of land may deem.their contract executed, though it was by parol only; jndthen,the purchaser may bp liable to a suit without any notice.
The construction of a deed is matter of law, for the court to decide. But extraneous facts referred to in the description Of 4 tract of land, id a deed—as3'lth.a land on whióh A B then resided” may bd proved by .párpl; and the identity of the land, or whether a particular tract is, or is not, within the description of the deed, is matter of fact, for the jury to determine.
Second'. There was proof of notice to quit, but there being no evidence of six months notice, the appellant insists that the proof was insufficient to authorize a re-recovery. This point has been adjudged, and it is now settled 'that, an óccupant by an executory agreement foi* a conveyance, is only a quasi tenant at will, and is not entitled to six months notice to quit. If therefore, as áeems to be conceded, the appellant stood in the attitude of such a tenant, the notice, which Was proV&d”, was sufficient. But as it is not certain that the occupant looked to the donor for a conveyance, or that the contract between them, though only parol, was not by themselves deemed an executed agreement, it is, of course', at least doubtful whether 'any notice was necessary.
Third. Though the construction of deeds is a matter of law, nevertheléss, the facts of this case present, upon the point we are now about to Consider, a question rather of fact than of law. Whether the whole three hundred and sixty-seven acres included in the conveyances from Car and Ferguson, or only two hundred and forty-five acres thereof, and what two hundred and forty-five acres, were intended to be embraced by-the mortgage, cannot be satisfactorily determined from the mortgage itself; and we think that extraneous facts, referred to in the mortgage, were admissible for the purpose of identifying the land intended tó be embraced-. As the mortgage conveyed two hundred and forty-five acres, described as the tract on which the mortgagor lived, without any other description apparently consistent with the designated quantity, the identity of that tract was a matter of fact, to be determined chiefly by extraneous circumstances. And therefore, it seems to us, not only that the Circuit Judge did right in leaving that question to the jury; but that, when it had been proved that the appellant was living, under a gift from *338 the mortgagor, on about one hundred acres of the three hundred and sixty-seven acres conveyed by Car and Ferguson, and that the boundary of the one hundred acres had been defined by actual survey, the jury had a right to infer that, the two hundred and forty-five acres on which the mortgagor lived, did not include the tract oú Which the appellant lived, but included only the residue of the entire three hundred and sixty-seven acres as bounded by the deeds from Car and Ferguson, after deducting the land which had, by previous survey, been allotted to him, and on which, therefore, he, and not the mortgagor’, was considered as living.
And consequently, it is not necessary to decide whether, if the mortgage had embraced the land now iri controversy, the appellant should be permitted to avail himself of that fact to prevent a recovery of more thari the appellee’s moiety, as orie of the mortgagees,iri a sub^ sisting mortgage, dated prior to his absolute conveyance; and, of course, we conclude that, there is nothing iri the third point, which can entitle the appellant to a reversal.
Wherefore the judgment must be affirmed*