## DALE AND UNDERWOOD *vs*. THE STATE.

[INDICTMENT FOR GAMING.]

1. *Room in second story, rented and occupied as sleeping apartment, not necessarily within prohibition of statute, because lower story is used by another for sale of spirituous liquors.* A room on the second floor of a two-storied house, rented and occupied by the defendant as a sleeping apartment, is not brought within the prohibition of the statute, by the mere fact that the lower story is used by another person for the sale of spirituous liquors.

FROM the Circuit Court of Marengo.

Tried before the Hon. ROBERT DOUGHERTY.

THIS indictment was found at the Fall term, 1854, against Thomas J. Dale, Berry G. Underwood, Edward F. Martineer, and William Mobley, and was in the general form allowed by the Code. Mobley was not taken, and a *nolle pros.* was entered as to Martineer; the other two defendants were tried jointly, and were convicted. The bill of exceptions states, that the State proved, on the trial, "that the defendants played cards in the said county of Marengo, within twelve months before the finding of the indictment, in a room used and occupied solely by defendant Dale as a sleeping room; that said room was one of three rooms in the second story of a house in the town of Demopolis; that said house was rented at the time by one Martineer, and said room in which the playing took place had been rented by said Martineer to said Dale, who, at the time of said playing, was occupying it. It was in proof, also, that said Martineer used the lower story of said house as a family grocery; that in said house he kept and sold spirituous and vinous liquors, but not by retail; and that the playing took place when he so kept the house, and sold vinous and spirituous liquors, &c. On this state of facts, there being no conflict in the proof, the court charged the jury, that, if they believed the evidence, they must find the defendants guilty; to which charge the defendants excepted," and they now assign it for error.

No counsel appeared for the appellant.

Long v. The State.

M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—If it be conceded that if the defendant had played in the lower story of the house he would have been guilty under the law (Code, § 3243), it does not follow that playing in a different part of the same house would necessarily, and under all circumstances, fall within the section referred to. If separate parts of the same building were disconnected, and appropriated to distinct and separate uses, it would be the same, in law, as if they were two buildings, so far as this offence is concerned; and where the playing takes place in a room, rented and occupied by one person for a sleeping apartment, in the second story of a house, the fact that the first story is used by another person to sell vinous and spirituous liquors in, does not, of itself, make the part which is appropriated to such separate purpose partake of its character, so as to warrant a conviction of either of the offences in the indictment.

Judgment reversed, and cause remanded.