CHRISTIAN D. GASNER

*vs.*

METROPOLITAN INSURANCE CO.

The policy of insurance on which this suit was brought was made for the benefit of the mortgagee of the property insured, and contained these stipulations: "If the above mentioned building at any time during the period for which the policy would otherwise continue in force, shall be used for the purpose of carrying on therein any trade or occupation denominated hazardous, extra hazardous, or specially hazardous in the second class of classes of hazards annexed to this policy  *  *  from thenceforth so long as the same shall be so used, the policy shall be of no force or effect."

In the second class of the classes of hazards annexed to the policy, under the head "specially hazardous", it is provided that all work-shops, manufacturing establishments, trades and mills, add to the rate of the

Gasner v. Metropolitan Insurance Co.

building and its contents fifty-cents or more for $100, and to be covered must be specially written in the policy. It is also stipulated in the policy that "the insurance, as to the interests of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the policy. It is also provided and agreed that the mortgagee shall notify the company of any change of ownership or increase of hazard not permitted by the policy to the mortgagor, or owner, as soon as the same shall come to his knowledge, and shall on reasonable demand pay the additional charge for the same, according to the established scale rates." The building insured being described in the policy as a "dwelling-house", and the evidence showing that the owner (a single man) lived in it and "used it as a work-shop for the currying business," and that the mortgagee, the plaintiff, knew that it was so used, and did not notify the defendant thereof. *Held*, that the plaintiff can not recover ; that it was not necessary for the defendant to adduce any evidence showing that the use of the house as a currier's shop increased the risk. That the provisions of the policy are equivalent to a stipulation or warranty that the building should not, to the knowledge of the plaintiff, be used as a place of business denominated "specially hazardous", and the truth or fulfillment of this covenant on the part of the plaintiff is a condition precedent to his right to recover on the policy.

The defendant in this action appeals from an order of the Court of Common Pleas, Ramsey county, denying its motion for a new trial. A sufficient statement of the case appears in the opinion of the Court.

LAMPREYS for Appellant.

L. E. THOMPSON for Respondent.

*By the Court.*—WILSON, Ch. J.—The defendant insured W. A. Arnold against damage by fire to "his one-story frame dwelling house, situate detached on lot seven of Colter's out-lots to St. Paul, Minn." Arnold had prior to the insurance mortgaged the property to the plaintiff, to whom the loss, if any

should accrue, was to be paid. The building having been destroyed by fire, this action was brought on the policy of insurance to recover indemnity for the loss.

In the policy it is stipulated, that "if the above mentioned building, at any time during the period for which this policy would otherwise continue in force, shall be used for the purpose of carrying on therein any trade or occupation  *   * denominated hazardous, or extra hazardous, or specially hazardous, in the second class of the classes of hazards annexed to this policy,  *   * from thenceforth, so long as the same shall be so used, this policy shall be of no force or effect."

In the second class of the class of hazards annexed to the policy under the head "*specially hazardous*," it is provided, "The following trade, occupation, and merchandise add to the rate of the building and its contents, 50 cents or more per $100, and to be covered must be specially written in the policy.  *   * All workshops, manufacturing establishments, trades and mills, not above enumerated as hazardous, or extra hazardous." It is further stipulated in the policy as follows: "This insurance as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. It is also provided and agreed that the mortgagee shall notify the company of any change of ownership, or increase of hazard, not permitted by this policy to the mortgagor, or owner, as soon as the same shall come to his or her knowledge, and shall on reasonable demand pay the additional charge for the same, according to the established scale rates," &c. Arnold in his testimony said: "I considered it (the house) my dwelling.  * The house was used to live in, and prepare leather for the shoemakers. I used the most convenient part of the house for

the leather business. I did not tan in the building. We finished the work in the house. * * I oiled and blacked the leather in the house. I generally worked alone in the house. Nobody else slept there with me. * * I used the building as a workshop, or for the currying business, about one and three-fourths years before the fire. I did not use the whole house as a work-shop."

He also testified : "Gasner lived about two miles from the house. * * He came often, sometimes three or four times a week. He did not help me work. I was in when he came."

These facts are undisputed, and it is not pretended that the plaintiff notified the defendant of any increase of hazard.

The defendant's counsel requested the Court to charge, " If the jury are satisfied and believe from the evidence in this case that at the time of the fire, and prior to the time of the fire, the dwelling-house insured in the policy had been changed to and was used as a work-shop, denominated ' specially hazardous' in the second class of the classes of hazards annexed to said policy, and the plaintiff had knowledge thereof, and failed to notify the company, then the plaintiff cannot recover, and the verdict must be for the defendant." The Court charged as thus requested, with the following modification, viz.: " The mere fact that an assured carried on business in his dwelling house, would not take away its character of a dwelling house if the assured lived there, nor would it have the effect of avoiding the policy if the risk were not increased. The mere fact that a man carries on business in his dwelling house does not convert the dwelling house into what is technically known as a work-shop, and the jury must be as familiar with the distinction between a dwelling house and a workshop as the Court." We think the charge should have been given as asked, and that the modification was erroneous. As a matter of fact, the undisputed evidence shows

Gasner v. Metropolitan Insurance Co.

that the use of the house for a currier's shop did increase the risk. But to establish this fact it was not necessay to adduce any evidence for the parties had expressly stipulated that such use would increase the risk, and if unauthorized make void the policy.

It is not material whether Arnold continued to call the building his dwelling house, or whether he slept in it, or whether the use of the house as a workshop destroyed its character as a dwelling house. The contract of the parties is, that if the building should "*be used for the purpose of carrying on therein* any trade or occupation * * denominated specially hazardous," the policy should be of no force or effect. The provisions of the policy above quoted are equivalent to a stipulation or warranty that the building should not be used to the knowledge of the plaintiff for a workshop, or for carrying on or exercising therein any business denominated *specially hazardous*, and the truth or fulfillment of this covenant on the part of the plaintiff, is a condition precedent to his right to recover on the policy. This view disposes of the case and makes unnecessary the examination of any other question raised, for it is not pretended that the building was not used as a workshop to the knowledge of the plaintiff.

Order appealed from reversed.