ELIAS MILLIKEN, in equity, *vs.* BERNARD C. BAILEY, and another.

*Misdescription. Amendment of officer's return, effect of. Right in equity of mortgager's assignee to redeem.*

In the description of premises sought to be redeemed in equity, mistakes in the names of the owners of adjoining estates and the omission of one boundary line are immaterial, if enough remain clearly to identify the land intended to be designated.

The notices and limitations of the chancery rules may be waived by consent of counsel, express or implied, so as to preclude any subsequent application of those limitations.

An amendment relates back to the date of the original proceeding, so far as this can be done without injury to the intervening rights of innocent third persons, but will not be permitted to affect such rights; so that, where an officer's return upon an execution states the original attachment of the land sold on such execution to have been Sept. 20, 1866, instead of the true date, Sept. 28, 1864, it was held that, though he might amend his return according to the fact, this could not affect the title of one taking a mortgage of the land Oct. 13, 1864; but that the sale and return would convey the equity of redemption of a mortgage made prior to the attachment.

If a mortgagee recognize the right of redemption as existing in one demanding an account, and render an incorrect statement, he cannot subsequently avail himself of a technical defect in the title of such person, which has been cured by amendment, to avoid payment of costs.

When a mortgagee in possession either actually receives rent, or ought to have received it, he will be held accountable therefor to the person entitled to redeem. *Bailey* v. *Myrick*, 52 Maine, 135, does not change this rule in such cases.

Where the same person holds as assignee two mortgages of real estate, the purchaser of the equity of redemption may maintain a bill to redeem from only one of them; nor will the expiration of the statute term of foreclosure proceedings upon the other mortgage prevent a decree in his favor as to the mortgage he seeks to redeem.

BILL IN EQUITY.

THIS was a bill of complaint in equity, brought by Elias Milliken, of Augusta, to redeem certain real estate in Phipsburg from a mortgage thereof, and for an account of the sum actually and justly due under such mortgage. The cause was heard upon bill, answers, and proof, from which it appeared that the land was formerly owned by one Samuel D. Reed who, on the ninth day of June, 1864, mortgaged it in the sum of $500 to Mrs. Sarah J. B. Davis, one of the defendants; from which mortgage the complainant desired to redeem the estate by these proceedings. On the last day of December, 1868, Mrs. Davis sold, transferred, and assigned this mortgage to her father, Bernard C. Bailey, the other respondent. Before making this assignment, however, to wit, on the fourth day of June, 1868, Mrs. Davis had entered peaceably and taken possession of the premises in order to foreclose her mortgage for breach of its condition. Upon the seventh day of June, 1867, the complainant purchased at a sheriff's sale thereof, on an execution in favor of Elbridge Berry and another against Samuel D. Reed, all said Reed's right to redeem the premises; and upon the fifth day of July, 1869, in accordance with the requirements of the statute in this behalf, demanded of these defendants an account of the balance justly due upon this mortgage after deducting the rents and profits. Deeming the account rendered him incorrect he brought this bill to redeem, filed Nov. 17, 1869. In describing the real estate in his bill the complainant followed the language of the sheriff's return on the execution aforesaid, and of the sheriff's deed to him; in which there were mistakes in the names of two of the proprietors of premises adjoining the land in

question; and omitted to state the easterly boundary of one of the parcels; but there appeared to be no doubt what land was intended to be designated.

Reed's equity of redemption was taken upon said execution on the tenth day of April, 1867, and advertised to be sold on the first day of the following June, but on the day last-named the sale was adjourned, as the officer stated in his original return, " for the want of bidders, to the seventh day of June then current, at the same place ; " but no hour was specified, nor did he say that he gave any notice or public proclamation of such adjournment ; nor that the same was had because it was for the interest of all concerned, unless that may be inferred from " the want of bidders." This original return began thus : " Sagadahoc, ss. April 10, a. d. 1867. By virtue of the within execution I have taken all the right in equity that the within-named debtor had on the twentieth day of September, 1866, at nine o'clock in the forenoon, being the time of the attachment of the same on the original writ, to redeem a certain tract of land," etc., etc. The attachment on said writ was, in fact, made September 28, 1864, which was the day the writ bore date ; and on the twelfth day of October, 1864, Reed made a second mortgage of the property for $1,000, to Samuel I. Robinson, whose representative sold, transferred, and assigned the same to B. C. Bailey, the defendant, on the twenty-seventh day of May, 1868 ; and Bailey entered to foreclose this mortgage on the fourth day of June, 1868,—the same day his daughter entered to foreclose the one to her.

Subsequently to the filing of the general replication in this cause the deputy-sheriff who sold Reed's equity of redemption as aforesaid, petitioned for leave to amend his return as to the year of the attachment on the original writ, and the facts relative to the adjournment of the sale ; and on the eighteenth day of August, 1870, by the supreme judicial court then sitting in Sagadahoc county, " permission is granted to the petitioning officer to amend his return according to the facts, saving all rights of intervening third parties." Accordingly the officer did amend by inserting 1864 in-

stead of 1866, as the year of the original attachment on the writ, but did not change the day of the month from the twentieth to the twenty-eighth; this error remained uncorrected.  He also stated the hour to which he adjourned the sale, and that the adjournment was made by public proclamation.  Though the return upon the original writ was entitled as of Sagadahoc county, it stated that the deputy had attached all the defendant's interest in any and all real estate in the county of Kennebec.  This error arose from the suit of *Berry* v. *Reed* being brought in the latter county, while Reed resided in the former.  This error was never corrected.  In the account of the expenses and charges arising under the Davis mortgage, was an item for advertising foreclosure and the taxes for 1868 and 1869, which are estimated to be the same as previous years.  These taxes, for the two years specified, the mortgagee says have not been paid but will have to be to prevent a sale of the land.  The respondent, Bailey, claimed to hold the estate under both of the mortgages assigned to him, and denied complainant's right to redeem from the Davis mortgage, which was all that he sought by his bill, without also redeeming from the Robinson mortgage.  Mrs. Davis denied that any account had ever been demanded of her or that she was liable to account, since she had assigned all her interest as aforesaid, Dec. 31, 1868, before said alleged demand.  The defendants also denied complainant's right to redeem said estate at all, claiming that he derived no title under his deed from the sheriff and the proceedings upon the Berry execution.

*A. Libbey*, for complainant.

The officer's return, if originally defective, was amendable and has been amended; this amendment cannot prejudice the defendants, since it can make no difference to them whether the right of redeeming is in Milliken or Reed.

*Tallman & Larrabee*, for respondents.

The defendants deny the complainant's right to redeem from this mortgage; or that he can maintain this bill even if he have

the right of redemption.   The bill was served Nov. 20, 1869; the answers denying his title were filed Feb. 9, 1870; and the general replication at the April term, 1870.   The plaintiff then had no title, because in the officer's sale to him, the requirements of the statute, which should be strictly followed, were utterly disregarded. *Pratt* v. *Skolfield*, 45 Maine, 386 ; *Stinson* v. *Ross*, 51 Maine, 556. .

All the officer pretended to sell was Reed's right taken by attachment Sept. 20, 1866 ; if none were then attached ; still more, if it were never attached, he sold and conveyed nothing to Milliken.   The officer's return on the Berry execution is grossly defective.   If the amendment has any force against us, it is not retroactive.   If Mr. Milliken had no title till after he brought his bill, then his prior demand was nugatory because made by one having then no interest in the estate, and it cannot support this proceeding.

Certainly, the amendment cannot affect the Robinson mortgage now held by Mr. Bailey.

When this bill was brought against her, Mrs. Davis had no interest in the estate.   *Hilton* v. *Lothrop*, 46 Maine, 297.

She denies that any demand was ever made on her, and such is the proof.   The mere fact that she had taken formal possession in order to foreclose does not imply that she received anything from the land.   *Bailey* v. *Myrick*, 52 Maine, 132.

The complainant must redeem both mortgages, if either.   If he only redeem the Davis mortgage the foreclosure under the Robinson mortgage will be perfected.

At the time of the sale on execution, June 7, 1869, Mr. Reed had no right to redeem from the Davis mortgage, since he had already sold that right to Mr. Robinson by his mortgage to that gentleman.   His right at the time of that sale was simply of redeeming from the Robinson mortgage ; and that was all that passed by the sale.   *Thompson* v. *Chandler*, 7 Maine, 377.   But this right was neither attached nor sold.   *Palmer* v. *Fowler*, 5 Gray, 545. In fact, there was no legal sale of any right.   *Smith* v. *Dow*, 51

Maine, 21. And no interest to authorize any demand for an account.

*Libbey*, in reply.

The Robinson mortgage has nothing to do with this case ; we do not now ask to redeem from that.

The amendment takes effect from the date of the original proceedings.

BARROWS, J. Reed mortgaged the premises which the plaintiff seeks to redeem June 9, 1864, to Mr. Davis, one of the respondents. His right of redemption was attached by a creditor Sept. 28, 1864, and he again mortgaged the premises in October, 1864, to Robinson. On June 7, 1867, Reed's right.to redeem from the Davis mortgage, having been seized on the attaching creditor's execution on the 10th of April preceding, was sold at auction and bought by this plaintiff. But in making his return on the execution the officer gave as the date of the original attachment Sept. 20, 1866, instead of Sept. 28, 1864, and omitted to state how and to what hour of the day the sale upon execution was adjourned from June 1, 1867, which was the day designated for the sale in the notices given to the debtor and posted April 10, 1867, and published three weeks successively prior to June 1. And thus his return stood until the August term, 1870, after the commencement of this process, when the officer was permitted to amend his return according to the facts. But in the interim it would seem that Bailey, the other respondent, had taken an assignment of the Robinson mortgage from Robinson's executors May 27, 1868, and had also, Dec. 31, 1868, received from his daughter, Mrs. Davis, a transfer of her mortgage which this plaintiff seeks to redeem. His right to do this is sharply contested by Bailey, who claims a foreclosure of both mortgages ; of the Davis mortgage by virtue of entry made and possession taken for that purpose by Mrs. Davis June 4, 1868; of the Robinson mortgage by virtue of a similar proceeding on his own part as assignee of the mortgagee.

He commences his answer by denying the mortgage of the premises to Mrs. Davis and the assignment thereof to himself, because in the bill the southern boundary of one parcel is stated to be "land of William Penny 'when it should be Perry, and part of the northern boundary of the other parcel is said to be a road leading to one Hutchinson's, when it should read Hutchins'. The identity of the parcels is, however, sufficiently demonstrated. *Falsa demonstratio non nocet*, where the misprision is so readily corrected.

He next invokes the rules in chancery practice respecting the manner of putting in documentary evidence, and claims that everything except the bill and answers should be excluded, because the rules have not been observed; but the signature of his counsel admitting the genuineness of one of the documents filed as evidence by the complainant, and the proceedings before the court when the argument of the case was postponed, show clearly that it had been understood by the counsel on both sides that the formalities required by the rule should be waived, and after that it is too late, and would be unjust to insist upon them.

But it is further argued that the plaintiff had no right to redeem this (Davis) mortgage when he commenced his bill, or if he had such right, that this suit cannot be maintained. And these positions are based for the most part upon the omissions in the officer's return as originally made, above adverted to. The true answer is that the amendment allowed and made at the August term, 1870, perfected the evidence of the complainant's title, and made it good from the date of the original proceeding, except so far as that construction of it might wrongfully affect intervening third parties, whose rights, where they acted in good faith, were not to be prejudiced by it. How far does this affect the relative positions of the parties in this suit?

There is no evidence before us in this case to show that Bailey did not purchase the Robinson mortgage in good faith after the creditor's sale of Reed's right of redemption upon the execution, and before the amendment which carried back the date of the al-

leged original attachment so as to make it anterior to that mortgage. Upon this showing, then, all Bailey's rights as assignee of the Robinson mortgage must, notwithstanding the amendment, stand upon the same footing as though the original attachment had been in fact made Sept. 20, 1866, instead of Sept. 28, 1864.

It is, therefore, unnecessary to determine whether the respondent can properly introduce the return on the original writ in the creditor's suit to show that, in point of fact, it was Reed's right and interest in real estate in Kennebec county, and not in Sagadahoc, that the officer returned as attached; for this view of the effect of the amendment renders it immaterial as between these parties whether the complainant's right originated in the sale of Reed's equity on the execution, or relates to the date of the supposed original attachment. But it is one thing to have one's own rights protected from the effects of an officer's mistake, and quite a different thing to make use of that mistake to operate a forfeiture of the rights of another man. All Bailey's rights honestly acquired before the amendment, as a prior incumbrance, must be protected, but it does not follow that he should be heard to say, that the complainant did not acquire whatever right of redemption from the Davis mortgage Reed had at the date of the sale on the execution. In the eye of the law it can make no difference to Bailey whether Reed or his creditor, whom this complainant represents, holds that right.

The amendment, then, relates back to the date of the original return, so as to transfer, as of that date, to the complainant, as against Reed and these respondents, all the right of redemption of the Davis mortgage which Reed had at the time of the sale on execution. The plaintiff is entitled to be considered as the owner of that right when he brought his bill, although until the amendment was filed he was not in a condition to prove it. But still it is insisted that he cannot maintain this process because his demand for an account was made before the amendment, and therefore the respondents were under no obligation to comply with the demand.

If the respondents had refused to recognize the complainant as the owner of the equity when the demand was made, we might

have felt bound to limit the effect of the amendment, so far as to hold that they should not be responsible for any costs in any event; but, when the demands were made, the respondents did not object to rendering an account nor claim that the plaintiff was not the owner of the equity; they gave him accounts which are manifestly not correct. The amendment, then, did not change anything in the position which they assumed towards the complainant.

Now, when the amendment has cured the apparent defect, the respondents cannot be heard to urge that they might have found a flaw in the plaintiff's title at the time of his demand, when they recognized him then as the rightful owner, and any liability to costs to which they may have subjected themselves arises, not from a refusal to give an account, but from giving an incorrect one.

Mrs. Davis in her answer denies that any demand for an account was made on her; but the production in evidence of the statement of her claim, apparently made by her father for her, militates somewhat strongly against the correctness of this portion of her answer. She is a proper party to the suit, although she had assigned her interest in the mortgage before the filing of the bill, if she received rents or profits while she was in possession before her assignment, or rents and profits accrued during that time which she might and ought to have collected and accounted for, or if any payments were made to her.

And upon these points the parties may properly produce evidence before the master. It is true, as remarked by the court in *Bailey* v. *Myrick*, 52 Maine, 135, that the taking possession for the purpose of foreclosure under the statute " does not necessarily impose upon the mortgagee the obligation to account for rents, if he should not receive them;" but that case was not intended to change the doctrine that when he does in fact receive them, or when it is owing to his own inexcusable default or negligence that he fails to receive them, he will be chargeable therewith at the instance of any one who has a right to complain, while he would not be so accountable to the mortgager himself, or to those claiming under him if they consented to his remaining in possession without the pay-

ment of rent. But that is not, apparently, this case. The master's report will determine it, and until that comes in, and a final decree is entered, the question of costs as to each of the respondents will remain in abeyance. That there were some rents and profits received, at least to the amount of $60 per annum, which ought to have been accounted for, is admitted by the respondent, Bailey, in his statements filed in evidence, and also that none were, in fact, put upon the account as originally rendered. Moreover, the claim for taxes which had not been paid was incorrect. Virtually admitting, as they did, the complainant's right to an account, they should have made the account a correct one.

Finally, it is urged that the respondent, Bailey, has obtained an assignment of the Robinson mortgage, and that that is foreclosed, and thereby the complainant is precluded from redeeming the Davis mortgage. We do not feel called upon to determine at the present time the validity or effect of the Robinson mortgage, and the proceedings under it. Up to the time of the sale of Reed's right to redeem from the Davis mortgage to the plaintiff, it appears that Reed had a subsisting right of redemption from both mortgages. Everything was, in fact, done at that time which was necessary to convey to the plaintiff his right to redeem from the Davis mortgage, and so far as he was concerned, that right then vested in the plaintiff. Such is the effect of the amendment. It is that right which the plaintiff seeks to enforce in this suit, and he claims that it should be passed upon as if the Robinson mortgage were not in the case. When he commenced this process there is no pretence that the right which Reed originally had to redeem from both or either of these mortgages was foreclosed.

When the plaintiff claimed and offered to redeem the Davis mortgage, and brought this bill for that purpose, the respondent, Bailey, had nothing in the premises except the security which his mortgages gave him for the payment of whatever was justly due him. His interest in the premises was subject then, and also when the amendment of the officer's return was made and filed, to the outstanding rights of redemption, and we think that the delay in

bringing this case to an issue should not prevent us from deciding it as it must have been decided had it been sooner heard.

The plaintiff for some reason or other which does not appear here, ignored the existence of the Robinson mortgage. In this process, at least, he seeks only to have his right to redeem from the Davis mortgage declared. Whether he can safely or profitably to himself exercise that right, he does not ask us to decide. Upon what ground he intends to contest Bailey's title under the Robinson mortgage we are not informed. It may be that he supposes that if he can be allowed to redeem the Davis mortgage, he can prevail against the other as not having been made in good faith, or as having been fully paid without breach of the condition.

It will be time enough to settle the rights of these parties to this land under the Robinson mortgage and its alleged foreclosure when the issues respecting it are framed and presented.

At present, the question for us to determine is, had the plaintiff the right, when he commenced his bill, to redeem the Davis mortgage, and maintain this process for that purpose?

We think he had. *Bill sustained.*

*Master to be appointed.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and DICKERSON, JJ., concurred.