COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.
Albert C. Andrews, claimant.

Essex.   Nov. 8, 1876. — Jan. 19, 1877.   COLT, DEVENS & LORD, JJ., absent.

A warrant may issue under the St. of 1876, c. 162, to search, for intoxicating liquors, a storehouse kept in a dwelling-house, without the oath of one of the complainants, specified in § 2.

A complaint on the St. of 1876, c. 162, and the warrant issued thereon, alleged that intoxicating liquors were kept " in the cellar of a certain one and a half story wooden house " occupied by the claimant " as a storehouse."   The proof was that they were kept in the cellar of his dwelling-house.   *Held,* that there was no variance.

COMPLAINT on the St. of 1876, c. 162, alleging reason to believe and belief that certain intoxicating liquors " were and still are kept and deposited by Albert C. Andrews " " in the cellar of a certain one and a half story wooden house " occupied by said

Andrews " as a storehouse for intoxicating liquors," with intent to sell the same in violation of law, and that one of the complainants " on oath say, that I have reason to believe and do believe, that intoxicating liquors, such as is above mentioned, has been sold in the house above mentioned by the occupant of said house, or with the consent and permission of the occupant of said house, or have been taken from the said house for the purpose of being sold contrary to law, within one month next before this day, and that said liquor above mentioned is now kept in said house for sale by said Andrews contrary to law; and that my belief is founded on the following facts and circumstances : that I have been informed by credible persons that intoxicating liquors have been conveyed from said house for the purpose of being unlawfully sold within one month last past." The warrant issued on this complaint recited the averments of the complaint, and directed the officer " to enter the cellar of the house herein above described," and make search, &c.

At the trial in the Superior Court, before *Rockwell*, J., the government proved that the liquors complained against were kept in the cellar of the dwelling-house in which said Andrews, who appeared as claimant, resided with his family, and introduced evidence tending to prove that the same were kept by him with intent to sell the same in violation of law. The claimant asked the judge to rule that the proof did not authorize the confiscation of the liquors under the complaint. The judge declined so to rule, and instructed the jury that if they were satisfied beyond a reasonable doubt that the liquors were kept by the claimant with intent to sell the same in violation of law, they should return a verdict against the liquors.

The jury returned a verdict that said intoxicating liquors were kept with intent to sell as charged in the complaint; and the claimant alleged exceptions.

*I. W. Richardson*, (*W. W. French* with him,) for the claimant.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth.

ENDICOTT, J. The claimant contends that, upon the evidence introduced by the government, there could be no forfeiture of the liquors, because it is not alleged in the complaint that a place of common resort was kept in the dwelling-house, and

therefore no warrant could issue under the St. of 1876, *c.* 162, § 2. But it has been decided under the St. of 1869, *c.* 415, §§ 45, 66, now repealed, that such allegation is not necessary; that, under the provisions of those two sections construed together, a dwelling-house, used exclusively as such, might be searched, if the oath or affirmation provided in § 45, and in the form annexed to § 66, was added; and that a tavern, store, grocery, eating room or place of common resort kept therein, might be searched without such oath or affirmation. *Commonwealth* v *Intoxicating Liquors*, 108 Mass. 19. *Commonwealth* v. *Intoxicating Liquors*, 110 Mass. 182. *Commonwealth* v. *Intoxicating Liquors*, 116 Mass. 27. The language of the St. of 1876, *c.* 162, §§ 2, 17, and of the forms annexed to § 17, are, so far as applicable to this inquiry, in substance the same as in the sections referred to in the St. of 1869. The complaint in this case follows the form prescribed in § 17, including the oath required by § 2, and the cases above cited are decisive of the question raised. See also *Holland* v. *Seagrave*, 11 Gray, 207.

The allegation in the complaint and warrant is not that the liquors were kept and deposited in a building occupied by the claimant as a storehouse; but in the cellar of a one and a half story wooden house, occupied by him as a storehouse. The proof was they were kept in the cellar, and there was no variance. *Commonwealth* v. *Intoxicating Liquors*, 6 Allen, 599.

*Exceptions overruled.*