Ingersoll *v.* Ingersoll.

FRANK L. INGERSOLL, executor &c.,

*v.*

MARGARET INGERSOLL et al

A testator gave to his wife certain legacies for life, and then provided : " It is my wish that my wife, Margaret, shall have the privilege of occupying so much of the house in which I now live as she may need, during the time she remains my widow." He then gave his residuary estate to his son. The house stood on an ordinary town lot.—*Held,* that the fee of the house and lot passed to the son under the residuary devise, subject to the right of the widow to occupy, *personally,* so much of the house as she might need, during her widowhood, including the use of the curtilage, in common with the occupants of the remaining parts of the house.

Bill for construction of will.

*Mr. A. R. Shay,* for complainant.

*Mr. J. M. Robeson,* for defendants.

THE CHANCELLOR.

William S. Ingersoll, by his will, after providing for payment of his debts and funeral expenses, gave to his wife $1,000, and directed his executor to put $1,000 at interest, and pay her the interest for life ; the principal, after her death, to go to any child or children she might have by the testator, and if, at her

death, she should leave no such child or children, in that case he gave the principal to his son Frank. He then gave her the use of his household goods so long as she should remain his widow, and added:

"It is my wish that my wife, Margaret, shall have the privilege of occupying so much of the house in which I now live as she may need, during the time she remains my widow."

He then gave pecuniary legacies to his daughters by his first wife, and to his grandson and granddaughter, and then gave all the rest and residue of his property, of whatever description, not thereinbefore disposed of, to his son Frank, whom he appointed sole executor.

NOTE.—What words in a conditional devise require the beneficiary to reside on the premises, *Casper* v. *Walker*, 6 Stew. Eq. 37, note; *Parker* v. *Parker*, 126 Mass. 433; *Tilden* v. *Tilden*, 13 Gray 103; see *Conkey* v. *Everett*, 11 Gray 95. The rents and profits of a house, which have been received by a devisee without her residing thereon during her lifetime, as required by the devise to her, may be recovered from her executors, *Gardener* v. *Wagner*, Bald. C. C. 454.

In case of ambiguity, the number of the lot in question may be resorted to in applying a will or deed to the subject matter, but may be overcome by other particulars, *Buchanan* v. *Stewart*, 3 Harr. & Johns. 329; *Harmer* v. *Gurner*, 35 Beav. 478; *Dikeman* v. *Taylor*, 24 Conn. 219; *Hall* v. *Hall*, 7 Fost. 275; *Cain* v. *Hunt*, 41 Ind. 466; *Lush* v. *Druse*, 4 Wend. 313; *Jackson* v. *Loomis*, 13 Johns. 81, 19 Johns. 449; *Warner* v. *Miltenburger*, 21 Md. 264.; *Anderson* v. *Baughman*, 7 Mich. 69.

Also the time of purchase and name of the vendor, *Griscom* v. *Evens*, 11 Vr. 402; *Perry* v. *Morgan*, 1 Strobh. 8; *Doe* v. *Lyfford*, 4 M. & S. 550; *Proctor* v. *Pool*, 4 Dev. 374; *Wing* v. *Burgis*, 13 Me. 111; *Douglas* v. *Blackford*, 7 Mo. 8; *Young* v. *Twigg*, 27 Md. 620; *Lendrick* v. *Russell*, 10 Irish Eq. 269.

Also the use and occupation thereof, *Holton* ads. *White*, 3 Zab. 330; *Bradshaw* v. *Ellis*, 2 Dev. & Bat. Eq. 20; *Stowe* v. *Davis*, 10 Ired. 431; *Kincaid* v. *Lowe*, Phil. (N. C.) Eq. 41; *McLennan* v. *Chisholm*, 66 N. C. 100; *Whitfield* v. *Langdale*, L. R. (16 Eq.) 61; *Streeter* v. *Streeter*, 43 Ill. 155; *Goodtitle* v. *Southern*, 1 M. & S. 299; *Marshall* v. *Hopkins*, 15 East 309; *Smith* v. *Galloway*, 5 B. & Ad. 43; *Doe* v. *Parkins*, 5 Taunt. 321; *Hubbard* v. *Hubbard*, 15 Ad. & El. (N. S.) 227; *Hardwick* v. *Hardwick*, L. R. (16 Eq.) 168; *Brown* v. *Saltonstall*, 3 Metc. (Mass.) 423; *Chamberlaine* v. *Turner*, Cro. Car. 129; *Down* v. *Down*, 7 Taunt. 343; *Homer* v. *Homer*, L. R. (8 Ch. Div.) 758; *Winchester* v. *Hees*, 35 N. H. 43; *Perkins* v. *Jewett*, 11 Allen 9; *Wooton* v. *Redd*, 12 Gratt. 196; *Venable* v. *McDonald*, 4 Dana 336; *Harrison* v. *Hyde*, 4 H. & N.

Ingersoll v. Ingersoll.

The questionsp resented for decision are, What is the interest of the widow, under the will, in the house ; whether it is such that she may lease or otherwise dispose of her right therein to a stranger ; whether she has any right in the curtilage (the lot is a town lot in Newton), and whether the fee of the house and lot passes, under the residuary clause, to Frank.

The fee of the house and lot passes by the residuary devise to Frank, subject to the right of his stepmother, the widow, to oc-

805 ; Bodenham v. Pritchard, 2 D. & R. 508 ; Harris v. Harris, 1 Metc. (Mass.) 400 ; Brown v. Brown, 43 N. H. 17 ; Bishop v. Morgan, 82 Ill. 351 ; Jack v. McIntyre, 12 Cl. & Fin. 151.

Also, the improvements or enclosures, Richmond v. State, 5 Ind. 334 ; Jones v. Norfleet, 7 Jones 473 ; McElrath v. Haley, 48 Ga. 641 ; O'Connor v. O'Connor, L. R. (4 Irish Eq.) 483 ; Adams v. Morrow, 42 Md. 434 ; Bodenham v. Pritchard, 2 D. & R. 508 ; Goodright v. Pears, 11 East 58 ; Goodtitle v. Paul, 2 Burr. 1089 ; Griffith v. Penson, 9 Jur. (N. S.) 383.

Also, the designation, McCoury v. King, 3 Humph. 267 ; Perry v. Morgan, 1 Strobh. 8 ; Doe v. Lyfford, 4 M. & S. 550 ; Doe v. Roe, 1 Wend. 541 ; Breeding v. Taylor, 13 B. Mon. 487; Winkley v. Kaime, 32 N. H. 268 ; Nourse v. Lloyd, 1 Pa. St. 229 ; Webber v. Stanley, 16 C. B. (N. S.) 698 ; Mundell v. Hugh, 2 Gill & Johns. 206 ; Whitfield v. Langdale, L. R. (1 Ch. Div.) 61 ; Dorsey v. Hammond. 1 Harr. & Johns. 190 ; Chapman v. Bennett, 2 Leigh 329 ; Seaman v. Hogeboom, 21 Barb. 398 ; Walston v. White, 5 Md. 297 ; Hall v. Hall, 7 Fost. 275 ; Plunkett's Case, 11 Irish Ch. 361 ; Allen v. Lyons, 2 Wash. C. C. 475 ; Hartt v. Rector, 13 Mo. 497 ; Pegram v. Newman, 54 Miss. 612 ; see, however, Miller v. Travers, 8 Bing. 244 ; Kurtz v. Hibner, 55 Ill. 514 ; Fitzpatrick v. Fitzpatrick, 36 Iowa 674 ; Barber v. Wood, L. R. (4 Ch. Div.) 885 ; Am. Bible Soc. v. Pratt, 9 Allen 109 ; Hall v. Fisher, 1 Coll. 47 ; Dunning v. Cranston, 7 M. & W. 1 ; Day v. Trigg, 1 P. Wms. 286 ; Bryce v. Lorillard Ins. Co., 49 How. Pr. 498 ; Sargent v. Adams, 3 Gray 72.

Also, the quantity, Bear v. Bear, 13 Pa. St. 529 ; Taylor v. Seely, 1 Phila. 341 ; Wooton v. Redd, 12 Gratt. 196 ; Reddick v. Leggett, 3 Murph. 539 ; Lewis v. Singleton, 1 A. K. Marsh. 523 ; Gibbes v. Elliott, 5 Rich. Eq. 327 ; Coleman v. Eberly, 76 Pa. St. 197 ; Doe v. Meyrick, 2 Cr. & J. 223 ; Whitfield v. Langdale, L. R. (1 Ch. Div.) 61 ; Warren v. Cogswell, 10 Gray 76 ; Melcher v. Chase, 105 Mass. 125.

Also, the boundaries, as rivers, streets, roads &c., Middleton ads. Perry, 2 Bay 539 ; Milliken v. Bailey, 61 Me. 316 ; Mayo v. Blount, 1 Ired. 283 ; Bosworth v. Dauzien, 25 Cal. 296 ; Glenn v. Malony, 4 Iowa 317 ; Am. Ins. Co. v. McLanathan, 11 Kan. 533 ; Delaspere v. Warner, 14 La. Ann. 413.

Parol evidence is admissible to show what a testator regarded as his "estate," "plantation" &c., Ricketts v. Turquand, 1 H. of L. Cas. 472 ; Beach

Ingersoll *v.* Ingersoll.

cupy so much of the house (according to the language of the will) as she may need, during her widowhood. Her right is a personal one. Under the gift of the free use and occupation of a house, the donee is not confined to a personal use, so that he is debarred from letting the property during the continuance of his interest. *King* v. *Eatington, 4 T. R. 177*; *Rabbeth* v. *Squire, 4 De G. & J. 406.* But it is a question of intention, and if it appears, from the terms of the gift or the context of the will, that a personal use only was intended, the enjoyment of the

v. *Earl of Jersey, 3 B. & C. 870, 1 B. & Ald. 550*; *Webb* v. *Byng, 1 K. & J. 580*; *Stanley* v. *Stanley, 2 Johns. & Hem. 491*; *Gore* v. *Langton, 3 B. & Ad. 680*; *Richardson* v. *Watson, 4 B. & Ad. 787*; *Harrison* v. *Hyde, 4 H. & N. 805*; *Homer* v. *Homer, L. R. (8 Ch. App.) 758*; *Boggs* v. *Taylor, 26 Ohio St. 604*; *Wilson* ads. *Robertson, Harp. Eq. 56*; *McElrath* v. *Haley, 48 Ga. 641*; *Wusthoff* v. *Dracourt, 3 Watts 243*; *Vernon* v. *Henry, 3 Watts 385*; *Cleverly* v. *Cleverly, 124 Mass. 314*; *Venable* v. *McDonald, 4 Dana 336.*

A *house,* in a prohibitory building covenant in a deed, means a dwelling-house, *Schenck* v. *Campbell, 11 Abb. Pr. 292*; see *State* v. *Garity, 46 N. H. 61*; *State* v. *Powers, 36 Conn. 77*; *Com.* v. *Posey, 4 Call 109*; and must be exclusively occupied as a dwelling, *Hill* v. *Hibernia Ins. Co., 10 Hun 26*; *New York Fire Dep.* v. *Buhler, 33 How. Pr. 378, 34 N. Y. 177*; *1 Dillon's Mun. Corp.* § *405*; *Gasner* v. *Met. Ins. Co., 13 Minn. 483*; see *Woodruff* v. *Imperial Ins. Co., 83 N. Y. 133*; *Gorunlock* v. *Manf. Ins. Co., 43 U. C. Q. B. 563*; *Vincent's Case, 26 Ala. 145*; *Hermann* v. *Merchants' Ins. Co., 81 N. Y. 184.*

A billiard-room attached to a tavern may be considered part of a dwelling, *Rogers* v. *Troth, 7 Vr. 422*; see *Lammer's Case, 14 Bank. Reg. 460.*

An insurance risk described by the applicant as a stone dwelling-house, includes a wooden kitchen attached thereto, *Chase* v. *Hamilton Ins. Co., 20 N. Y. 52*; see *Gerhauser* v. *North British Ins. Co., 7 Nev. 174*; *Oliver* v. *Dickinson, 100 Mass. 114.*

A "dwelling" may mean only one room therein, in which the applicant lived, *Friedlander* v. *London Ass. Co., 1 Moo. & R. 171*; see *Dale* v. *State, 27 Ala. 31*; *O'Brun* v. *State, 10 Tex. App. 544*; *Com.* v. *Bullman, 118 Mass. 456*; *Com.* v. *Intoxicating Liquors, 122 Mass. 8.*

A householder may be one who occupies two or three rooms exclusively, and the rest of the house in common with his father-in-law's family, *Griffin* v. *State, 13 Ohio St. 438*; *Bowne* v. *Witte, 19 Wend. 475*; see *Aaron* v. *State, 37 Ala. 106*; *Bradford* v. *State, 15 Ind. 353*; *Markham* v. *State, 25 Ga. 52*; *Calhoun* v. *Williams, 32 Gratt. 18*; *Rodgers* v. *People, 86 N. Y. 360.*

A "house" may include a church, *Folkestone* v. *Woodward, L. R. (15 Eq.) 159.*

How much land may be embraced under condemnation of a "house" by a railroad company, *King* v. *Wycombe R. R., 28 Beav. 104*; *Mason* v. *London R. R., L. R. (6 Eq.) 101*; *Steele* v. *Midland R. R., L. R. (1 Ch. App.) 275*;

Ingersoll *v.* Ingersoll.

gift will be confined accordingly. As in *Maclaren* v. *Stainton,*
*4 Jur. (N. S.) 199,* where there was a gift over if the donee
ceased to occupy the house, and in *Stone* v. *Parker, 29 L. J. (Ch.)*
*874,* where there was a direction to sell if the donee refused to
occupy. The gift in the case, under consideration, is not of the
right to occupy any definitely designated part of the house, but
such part of it as the widow's personal convenience may require.
This reference to her personal requirements is evidence that the
testator contemplated a merely personal use, and so, indeed, are

see *Richards* v. *Swansea Co., L. R. (9 Ch. Div.) 425; Chapman* v. *Royal Bank,
L. R. (7 Q. B. Div.) 136.*

A "dwelling-house" and "messuage" are synonymous, *Applegate* v. *Applegate, 1 Harr. 323; Rogers* v. *Smith, 4 Pa. St. 93; Doe* v. *Collins, 2 T. R. 502,*
Ashurst, J.

A warrant to search a dwelling-house does not include a barn, *Jones* v.
*Fletcher, 41 Me. 254;* see *Stedman* v. *Crane, 11 Metc. 295; Pitcher* v. *People,
6 Mich. 142.*

A warrant to search a place occupied as a storehouse was held to include a
dwelling, *Com.* v. *Intoxicating Liquors, 122 Mass. 14.*

A bark-house or tan-vat is not part of a dwelling-house, *State* v. *Stites, 1
Green 176.*

A grant of a mill was held to convey only the land on which it stood and
that covered by the projecting eaves, *Blake* v. *Clark, 6 Me. 436;* see *Forbush*
v. *Lombard, 13 Metc. 109; Millett* v. *Fowle, 8 Cush. 150;* and so of a lease of
a "building," *Sherman* v. *Williams, 113 Mass. 481;* or apartments in a building, *Wood's Land. and Ten. § 394; Whitaker* v. *Hawley, 25 Kan. 686.*

An exemption of a house of public worship from taxation was held not to
exempt the land on which it stood, *Lefevre* v. *Detroit, 2 Mich. 586;* see
*Trinity Church* v. *Boston, 118 Mass. 164.*

A conveyance of "the academy with the fence around said building," conveys the land about the building and used in connection with it, *Snow* v. *Orleans, 126 Mass. 453.*

A curtilage or garden is parcel of a house and will pass under a devise of
the house, *Carden* v. *Tuck, Cro. Eliz. 89; 3 Leon. 214; Keilw. 57; Smith* v.
*Martin, 2 Saund. 401, note; Rogers* v. *Smith, 4 Pa. St. 93; Williams* v. *McComb, 3 Ired. Eq. 451; Ogden* v. *Jennings, 62 N. Y. 530; Griffin* v. *Ransdell,
71 Ind. 442;* or a devise of a barn, *Bennet* v. *Bittle, 4 Rawle 339.*

One devised that his cousin A should continue to live at his house, and be
at the charge of keeping the house and the servants and the horses which testator had employed in plowing the ground, and to spend the corn raised
thereon in the house.—*Held,* that the land on which the corn had usually
been raised passed with the house, *Blackborn* v. *Edgeley, 1 P. Wms. 603;* see
*Pinckney* v. *Pinckney, 2 Rich. Eq. 218.*

Ingersoll v. Ingersoll.

the terms of the gift generally. The inclination of courts, in construing gifts of this character, is towards holding them to be estates, and that has quite uniformly been done where the gift was of the whole property or of a specified part, but, as before stated, it is a question of intention, and there are cases in which, under language such as that by which the gift in this case is expressed, they have held the gift to be a mere personal privilege. In *Kingman* v. *Kingman, 121 Mass. 249,* a testator by his will devised as follows:

A devised his brick house to B. The house was 73½x20 feet, and stood on the corner of a town lot 132x82½ feet.—*Held,* that the whole lot passed, *Richmond* v. *State, 5 Ind. 334.*

A testator gave to S. one-half of the house he lived in, in a town, and to J "the other half of this house I live in and the lot it is built upon, with other appurtenances thereunto belonging."—*Held,* that S. had one-half of the house and the ground that it was built upon, and that J. had the other half and all the remainder of the lot and appurtenances, *Williams* v. *McComb, 3 Ired. Eq. 450;* see *Cloyes* v. *Sweetser, 4 Cush. 403.*

Whether a devise of "fields," or a "farm," or "lands" will pass a dwelling *O'Connor* v. *O'Connor, L. R. (4 Irish Eq.) 483;* see *Burton* v. *Brown, Cro Jac. 643 ; Hay* v. *Cumberland, 25 Barb. 594; Streeter* v. *Streeter, 43 Ill. 155.*

What lands pass under a devise of testator's homestead, *Hopkins* v. *Grimes, 14 Iowa 73 ; Backus* v. *Chapman, 111 Mass. 386.*

Where testator devised "a lot of ground, lying on the east side of L. street, in Ridgley's Addition to Baltimore," evidence was admitted to show that testator meant by *lot* a larger parcel of ground than one of the town lots on Ridgley's plat, *Warner* v. *Miltenberger, 21 Md. 264;* see *McElrath* v. *Haley, 48 Ga. 641; Jones* v. *Norfleet, 7 Jones 473; Adams* v. *Morrow, 42 Md. 434; Benham* v. *Hendrickson, 5 Stew. Eq. 441; Edwards* v. *Derrickson, 4 Dutch. 44, 45 ; James* v. *Van Horn, 10 Vr. 353.*

A devise of lot No. 25, followed by a particular description of its boundaries, will pass all of the lot, although it contains more land than the description. *Buchanan* v. *Stewart, 3 Harr. & Johns. 329; Lush* v. *Druse, 4 Wend. 313;* see *Dikeman* v. *Taylor, 24 Conn. 219; Hall* v. *Hall, 27 N. H. 275 ; Gibbes* v. *Elliott, 5 Rich. Eq. 327.*

What passes under a devise of a corner lot, *Harman* v. *Gurner, 35 Beav. 478 ; Perkins* v. *Jewett, 11 Allen 9 ; Gibbes* v. *Elliott, 5 Rich. Eq. 327.*

A lease of "the Adams House, situate on Washington street, in Boston," may be shown, by parol, to mean only the hotel of that name, and not to include several stores under the same roof, *Sargent* v. *Adams, 3 Gray 72 ; Harris* v. *Dub, 57 Ga. 77; Corbett* v. *Costello, 8 La. Ann. 427 ;* see *Cleverly* v. *Cleverly, 124 Mass. 314; Jones* v. *Whelan, 16 Irish C. L. 495 ; Alger* v. *Kennedy, 49 Vt. 109.*—REP.

"I give to my wife, Fanny Kingman, the use and improvement of all my part of the dwelling-house where we now reside, except the right and privilege therein which is hereinafter devised to my daughter Tempy. I give to my daughter Tempy the use·and improvement of so much of my house as she may need during her life."

It was held that the daughter had a personal interest in the nature of an easement or servitude. And so, too, in *Maeck* v. *Nason, 21 Vt. 115,* where a testator gave his daughter the right " to live and remain in his house so long as she remained unmarried."

The gift of a house includes the curtilage also. And here the gift of the use and occupation of part of the house must reasonably be held to include the use of the curtilage in common with the occupant or occupants of the rest of the house.