# Skinner *v.* The State.

*Indictment for Gaming in Public House.*

1. *Trial by court, without jury; how considered on error or appeal.* When a criminal case is submitted to the decision of the court without a jury, as authorized by a special statute, the decision of the court on a question of fact, as to which the evidence is conflicting, or where inferences are to be drawn dependent on its sufficiency, will not be reversed, unless a verdict would be set aside on the same evidence; but, when the facts are undisputed, and only a legal conclusion is to be drawn from them, the decision is regarded as if given in charge to the jury, and its correctness is a question of law.

2 *Gaming; what is public house.*—A room in the second story of a building, rented and occupied as a private bed-room, and accessible by a pair of steps running up on the outside, through a front hall with which it was connected by a door, is not a public house within the statute against gaming (Code, § 4052), because the front hall is public, and is used once or twice a week as a dancing hall.

FROM the Criminal Court of Pike.
Tried before the Hon. H. C. WILEY, as special judge.

W. L. PARKS, for the appellant, cited *Dale v. State,* 27 Ala. 31; *Wilson v. State,* 31 Ala. 371.

WM. L. MARTIN, Attorney-General, for the State, cited *Cochran v. State,* 30 Ala. 542; *Smith v. State,* 52 Ala. 384; *Bentley v. State,* 32 Ala. 596; *Cawthorn v. State,* 63 Ala. 157; *Summers v. State,* 70 Ala. 16; *Gilliam v. State,* 71 Ala. 10; *Wren v. State,* 70 Ala. 1.

CLOPTON, J.—Appellant was convicted, in the Criminal Court of Pike county, of the offense of betting at a game played with dice in a public house, under section 4057 of Code of 1886. A jury not having been demanded, as provided by the act establishing the Criminal Court, the facts were properly triable by the presiding judge. In such case, his finding of fact will not be reversed on appeal, unless so

[Skinner v. The State.]

clearly erroneous that the verdict of a jury would be set aside by the trial court, if rendered on the same testimony. *Jacques v. Horton*, 76 Ala. 238; *Gilliam v. State*, 71 Ala. 10; *Nooe v. Garner*, 70 Ala. 443. This rule applies, when there is a conflict in the evidence, or inferences are to be drawn therefrom dependent upon its sufficiency; but it has no application where the judgment of the court is a conclusion of law from undisputed facts.—*Hardy v. Ingram*, 84 Ala. 544.

The constituents of the offense, with which defendant was charged, consist in betting at a game played with cards or dice, or any device or substitute therefor, at one of the interdicted places. The finding as to the first constituent—that defendant bet at a game played with dice—depends on the sufficiency of the evidence to establish the fact beyond a reasonable doubt. To this finding the rule applies. But the finding as to the second constituent—that the game was played in a public house, within the meaning of the statute —must be regarded a conclusion of law from undisputed facts, there being no contradiction in the evidence, and no such inference of fact to be drawn therefrom; and it should be considered the same as if, on trial by jury, the court had so instructed them. Otherwise, when the accused does not demand a jury, he would be deprived on appeal of the benefit of exception to an erroneous ruling on a question of law.

The undisputed facts are: The game was played in a building, the first story of which was used and occupied as a storehouse; in the second story there was a public hall, used, once and sometimes twice a week, as a dancing hall; and at one end of the hall there were two rooms, which were approached by going up a stairway on the outside of the building, into the hall, and entering the room through a door opening into the hall. The game was played in one of these rooms, which was rented by Pres Thomas, and occupied by him as a private bed-room. The hall was under the control and management of the owner of the building. The room was controlled by Thomas, who held and occupied it as a tenant of the owner. The room and the hall were under the control of different persons. Whether a room, situated and occupied as this was, is a public house within the meaning of the statute, was decided more than thirty years ago. It was held, that separate parts of the same building, disconnected and appropriated to distinct and separate uses, were the same in law as if they were two buildings, so far as this offense

[Allen v. The State.]

is concerned; and that a room, rented and occupied by one person as a bed-room, does not partake of the character of another part of the same building used by another person in a public manner, and for public purposes, so as to warrant a conviction of the statutory offense.—*Dale v. State,* 27 Ala. 31; *Wilson v. State,* 31 Ala. 371.

Since this construction was placed upon it, the statute has been re-enacted several times, without change in phraseology. The room being rented and occupied by Thomas as his sleeping apartment, and under his exclusive control, we are forced to hold, under the influence of the previous decisions, that it is not a public house within the meaning of the statute.

Reversed and remanded.