## Commonwealth v. Bowman et al.

*E. Leroy Keen*, assistant district attorney, and *Karl E. Richards*, district attorney, for Commonwealth.

*Homer L. Kreider*, for defendants.

Fox, J., February 15, 1935.—We have before us a motion to quash the indictment based upon the following reason:

"1. It is based upon an information which is fatally defective because the affiant does not set forth what the information was which he received, nor from whom he received it, nor that it is so to the best of his knowledge, information and belief."

The information is as follows: "That from information received which he believes to be true, on or about to wit: the 24th day of December, 1934, and at divers other days and dates prior thereto within the last past 6 months, in the City of Harrisburg, County of Dauphin, one, Mrs. Louise Bowman, being then and there a licensee holding a license for the sale of malt liquor from the treasurer of Dauphin County; and one John Doe alias Mike White and one, Mary Doe alias Irma Carter being then and there servants, agents and employes of the said Louise Bowman, licensee aforesaid, did severally and separately sell, furnish and give malt liquors, to wit: beer and ale to various minors, namely: Dorothy Edmunds, Anna Wells, Ella Harper and divers other mi-

nors, contrary to the act of general assembly in such cases made and provided."

In the case of Commonwealth v. Campbell, 22 Pa. Superior Ct. 98, which was a motion for arrest of judgment, one of the reasons the defendant assigned was "That the information upon which the warrant was issued was made by M. Jenkins, constable, upon information and belief, and without any actual knowledge on the part of the prosecutor, and did not purport to have been made by direction of the court or district attorney; and that the jurat was made by M. Jenkins, constable, and sworn to him as such and not as an individual." The court refusing to quash the indictment said, at pages 106-107:

"The other reasons for quashing the indictment are equally without merit. The warrant was properly issued on the affidavit charging the offense upon information and belief."

In the case of Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369, 374-375, the court cited with approval the case of Commonwealth v. Certain Intoxicating Liquors, 103 Mass. 448, and said:

"We think this is a sufficient compliance with the act; see Com. v. Intoxicating Liquors, 122 Mass. 14. The affiant is not restricted to violations of law within his own knowledge nor is he bound to set forth the names of witnesses or the details as to what they would testify. Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists".

The defendant relies upon what this court, through Fox, J., said in the case of Commonwealth v. Succi, September sessions, 1934, no. 89, in which we drew the inference from what the court said in Commonwealth v. Green, 185 Pa. 641, viz., that it is necessary that the in-

formation in such a case as the one under consideration should set forth certain facts as being true, sworn to by the prosecutor to the best of his knowledge, information and belief and unless this be done, the information would be invalid. In the case of Commonwealth v. Lawton, 38 Dauph. 408, this court, through Wickersham, J., in effect decided to the contrary of what we held in the case of Commonwealth v. Succi, supra. After further consideration of the above cases, we are of the opinion that we erred in overruling the demurrer to the motion to quash the indictment in the last mentioned case. We are now of the opinion that it is not necessary to set forth in the exact language used by the court in the case of Commonwealth v. Green, supra, viz: "to the best of his knowledge, information and belief". We think it is sufficient if words synonymous or conveying the same meaning as in said last mentioned case, are used. In the instant case we have the following, viz: "That from information received which he believes to be true . . . Mrs. Louise Bowman . . . and [her] servants, agents and employees . . . did severally and separately sell, furnish and give malt liquors, to wit: beer and ale to various minors", naming them; this is sufficient to justify the magistrate in determining that there was probable cause.

Wherefore we are of the opinion that the motion to quash the indictment cannot be sustained and should be overruled.

And now, February 15, 1935, upon due consideration the motion to quash the indictment is hereby overruled.