|   12 |  155 |
|------|------|
|  137 |  214 |

## THOMPSON v. SPINKS.

1. Rent in arrear, or falling due, is merely a debt due from the tenant to the landlord, for the payment of which he has, under the statute, a *lien* on the crop grown on the premises, and when it is removed, either by the tenant or a stranger, he cannot maintain trespass for its recovery.

2. Where a tenant delivered certain cotton to one D, with instructions to take it to Mobile and sell it, and pay the landlord the rent of the land, but of which arrangement the landlord was ignorant; after which, the defendant, as sheriff, levied upon and sold it, as the property of the tenant: Held, that though D being as bailee of the cotton, invested with the right of possession, might have maintained trespass for an injury to it, the landlord having neither the possession, or the right to it, could not.

TRESPASS by the defendant, against the plaintiff in error, sheriff of Sumter.

The defendant pleaded not guilty, and justified under an execution against one Cooksey.

Upon the trial, it appeared that Cooksey rented certain land of the plaintiff, in the year 1844, on which he raised the

cotton specified in the plaintiff's declaration, and that Cooksey was indebted to him for the rent. That Cooksey gathered the cotton, and carried it off the rented premises, to the gin of one Carr, for the purpose of being ginned. That when the cotton was carried there, and before the levy, Cooksey delivered the possession of the cotton to one Davis, with instructions to take it to Mobile and sell it, and pay plaintiff the rent of the land, which he agreed to do. This arrangement was made without the knowledge of the plaintiff, and it did not appear that he knew of it until after the levy. After this, and whilst the cotton was unpacked, the sheriff levied on and sold it under execution against Cooksey.

The defendant asked the court to charge, that if the cotton had been removed by Cooksey from the rented premises, before it was levied upon, the plaintiff had no such property therein, as would entitle him to maintain this action; which charge the court refused, and charged, that if the cotton was raised by Cooksey, on land rented from the plaintiff, which rent was due and unpaid, when the levy was made, the defendant was not authorized to levy thereon, unless the rent was first tendered or paid, and if he did so, was liable in this action.

Also, that if Davis were the agent of Cooksey, and not of plaintiff, and Cooksey merely placed the cotton in possession of Davis, to be taken to Mobile and sold, and the proceeds thereof to be applied to the payment of the debt due the plaintiff for rent, it did not give the plaintiff any such property in the cotton, as would enable him to maintain this action; which charge was also refused. The defendant excepted to the charge given, and the refusals to charge, and now assigns these matters as error.

BALDWIN, for plaintiff in error, contended—

1. That the ruling of the court below could not be sustained by the statute, (Clay's Dig. 210, § 45); nor on the 3d section of the statute of rents, (Dig. 506); nor on the 4th section, for they only inhibit the *removal* of the goods, &c. from premises before payment of rent, and direct sheriff to pay, out of proceeds of sale, the rent.

2. At common law, it is obvious trespass would not lie on

the facts. Plaintiff had neither title nor possession. Nor does the charge rest on, but is independent of, the fact of any notice or knowledge of rent due, on the part of the sheriff—defendant; and of any demand.

It is too trite to insist that trespass is framed to redress injuries to the possession; and unless this be shown, the action cannot be sustained. [1 Chit. Pl. 175; 4 Taunt. 547.]

A bargainee cannot maintain this action, although the statute transfers the possession to the use. [Comyn's Dig. tit. tresp. b. 3.]

Even if the plaintiff had title to the cotton, he had not possession; and title without possession will not do. [Toby v. Reed, 9 Conn. 217.]

S: W. INGE, contra.

1. The landlord of rented premises has a precedent claim upon the produce of such premises for the rent money. [Clay's Dig. 306, § 4; Ib. 506, § 3.]

2. The possession of Davis, as agent, was the possession of Spinks, the principal. [Frazier, use, &c. v. Thomas, 6 Ala. 169; Desha, Sheppard & Co. v. Pope & Son, 6 Ala. 690.]

ORMOND, J.—The act of 1807, forbids the taking in execution, goods, or chattels, found upon any rented premises, and provides that they shall not be removed therefrom, unless the party suing out the execution, pay, or tender to the landlord, one year's rent, and the sheriff is required to levy, and pay to the plaintiff, as well the money so paid for the rent, as the execution money. [Clay's Dig. 210, § 45.] In 1812, the common law right of distress for rent, was abolished.

In 1821, an act was passed subjecting the crop grown on any rented land, to the payment of the rent, and requiring one year's rent to be paid before an execution could be levied upon the crop. [Id. 506, § 3.] In 1843, an act was passed declaring that "the crop grown on any rented land, shall not be removed off the premises of any such rented land, by the tenant, or lessee, or any one else, until the tenant, or lessee, shall have first paid to the landlord, or lessor, his agent, or at-

torney, all the rent in arrear." The second section of the act, gives the landlord process of attachment, when the tenant has removed, or is about to remove the crop, or any part thereof from the rented premises. [Ib. § 5.]

The first of these statutes is borrowed from, and is almost a literal copy of the 4 Anne, c. 14, and the last was probably suggested by the 11 Geo. 2, c. 19, which gives the landlord the right to distrain on goods fraudulently removed from the rented premises; but neither of these statutes gave the landlord any property in the goods of the tenant, either general or special, but merely created a lien in his favor.

The policy of this State, as declared by the statutes cited, is, to abolish the common law right of distress, and to confine the *lien* of the landlord to the product of the rented land. The prohibition against the removal by the tenant, or any one else, of the crop from any rented land, until all the rent in arrear is paid, gives him a *lien* upon it for the payment of all the rent due, except as against an execution creditor, as against whom he can have only one year's rent. But this is a *lien* merely, and not a right of property in the crop. The means of enforcing this *lien*, is provided by the act of 1843, by attachment against the tenant for the rent. [Hawkins v. Gill, 6 Ala. 620.] We need not inquire in this case, whether this *lien* would be lost by a removal, and sale of the crop, to one ignorant of the existence of the *lien*, as no such fact exists in this case. It is manifest the effect of our statute is, that rent in arrears, or falling due, is merely a debt due from the tenant to the landlord, for the payment of which, the latter has a *lien* on the crop grown on the premises, and it results necessarily, that he cannot maintain trespass, for the recovery of the crop when removed, either by the tenant or a stranger. To maintain the action of trespass, for injury to a personal chattel, the plaintiff must establish, either actual possession, or a right to the possession, from having the general property, which would draw to it the right of possession; trespass being founded on possession, as trover is on property in the thing. [Ward v. Macauly, 4 Term, 490; Cooper v. Chitty, 1 Burr. 20; Croft v. Allison, 4 B. & Ald. 590; Smith v. Milles, 1 Term, 475.]

It is quite obvious, the *lien* of the plaintiff is not a general

property in the crop, nor did the plaintiff have in fact the possession, he cannot therefore maintain trespass. His remedy, if he did not resort to the statute remedy by attachment, was an action on the case.

The placing the cotton in the possession of Davis, gave *him* such a special property in it, as might have enabled him, possibly, to maintain trespass for an injury to it, but could not invest the plaintiff with such a right. Davis was the bailee of the *tenant*, and his authority being derived from, might be revoked by him. It conferred no right in the cotton to the plaintiff, which he did not have before, in virtue of his *lien*.

It results from what has been said, that the court erred in its refusal to charge as requested, and the judgment must be reversed, and the cause remanded.