# Treadway v. Treadway's Executors.

*Statutory Trial of Right of Property in Crop of Wheat.*

1. *What title will support claim suit.*—In a statutory claim suit, to try the right to property taken under attachment or execution, the claimant can only recover on the strength of his own title, and can not set up an outstanding title in a third person; and he must have such a title as would support trespass, trover, or detinue, against a wrongdoer.

2. *Same; landlord's title to crops, for rent payable in kind.*—The landlord's title or claim to crops grown on rented lands, for rent payable in kind, will not support a statutory claim suit, until there has been a division, and his share has been set apart to him.

3. *Error without injury.*—When the record shows that the appellant was not in any event entitled to recover in the court below, this court will not reverse, at his instance, on account of any erroneous rulings adverse to him.

APPEAL from the Circuit Court of Cleburne.
Tried before the Hon. WM. L. WHITLOCK.
This was a trial of the right of property in one hundred

[Treadway v. Treadway's Executors.]

and twenty-six bushels of wheat, on which an attachment had been levied at the suit of the appellees, as executors of the last will and testament of Thomas Treadway, deceased, asserting a landlord's lien for rent as against Charles Smith, the defendant in attachment; and to which a claim was interposed, under the statute, by the appellant, Larkin B. Treadway. The attachment was sued out before a justice of the peace, before whom it was also made returnable; and the claim suit was also tried before him, by consent, without the intervention of a jury. On appeal to the Circuit Court, at the instance of the claimant, a new trial was had, and the plaintiffs in attachment had a verdict and judgment. On the trial, several exceptions were reserved by the claimant to adverse rulings of the court, which are here assigned as error, but which it is not necessary to state at length.

M. J. TURNLEY & SON, for appellant.

WM. H. FORNEY, contra.

BRICKELL, C. J.—This was a trial of the right of property, under the statute. An attachment was issued at the suit of the appellees, against one Charles Smith, and levied on one hundred and twenty-six bushels of wheat, found in his possession. The appellant interposed a claim, averring that the wheat was his property. To support his claim, he introduced evidence, tending to show that Smith was his tenant, and that the wheat was grown on the rented premises, of which the tenant had possession. There is no evidence, though the bill of exceptions recites that it contains all the evidence, that the wheat had been delivered to the appellant; on the contrary, the sheriff testifies, that he found it in the possession of the tenant. What were the terms of the contract of renting, is not shown, though it is inferrible that the tenant was to give, as rent, one half the crop of wheat grown on the premises. The appellees likewise claimed to be the landlords, and entitled to the rent from the tenant, and their attachment is sued out for the enforcement of the landlord's statutory lien. The point of controversy in the court below, it seems, was, whether appellant or appellees had the legal right to the rent; a question foreign to the issue, and not determinable in this proceeding.

A trial of the right of property is an action, or suit, in which the plaintiff in execution is the actor, and the claimant is the defendant.—*McAdams v. Beard*, 34 Ala. 478. The issue is, in effect, whether the property levied on is subject to the attachment or execution, or not liable, because the

property of the claimant.—R. C. § 3017; *Langdon v. Brumby*, 7 Ala. 53. The claimant is limited to proving title in himself: he can not set up an outstanding title in another, though it may be absolute, defeating the levy of the process. *McGrew v. Hart*, 1 Porter, 175; *Thomas v. DeGraffenreid*, 17 Ala. 602; *Foster v. Smith*, 16 Ala. 192; *Lehman, Durr & Co. v. Warren & Burch*, 53 Ala. These authorities rest on the ground, that the claimant must recover, if at all, on the strength of his own title: if he has not title, his claim fails. He must have the legal title, with a right to possession, or the actual possession, or the right to it; such title or right as would support trespass, trover, or detinue, against a wrongdoer. If the appellant is the landlord of Smith, entitled to the rent payable by him, and having the statutory lien on the crops grown on the rented premises, this lien does not confer on him a right of property, which will support a claim under the statute. In *Thompson v. Spinks*, 12 Ala. 155, it was decided, that a landlord could not, by virtue of his statutory lien, maintain trespass, trover, or detinue, against one coming to the possession of the goods. The evidence does not authorize the inference, that any other relation, than that of landlord and tenant, existed between the claimant and the defendant in attachment. There are not facts shown, which would convert them into tenants in common of the crops grown on the premises. The tenant had the right during the term to occupy; and the title to the crops was in him, until a division, and the setting apart to the landlord of his share, or, rather, of the quantity payable to him for rent. Until such division, he had no right or title to the crops. The tenant was a lessee for rent payable in kind.—*Stewart v. Doughty*, 9 Johns. 107; *Putnam v. Wise*, 1 Hill, 234; *Smith v. Tankersly*, 20 Ala. 212.

This being true, in no aspect of the case could the appellant maintain his claim; and if the court committed errors in the various rulings to which exceptions were reserved, they were not injurious to him, and are not ground of reversal.

Let the judgment be affirmed.