# Stern *v.* Simpson *&* Johnson.

## *Detinue for Cotton.*

1. *Mortgage of crop not planted; effect of subsequent delivery under.*—Although a mortgage purporting to convey crops not planted, may be a mere executory contract, yet if the mortgagor, after the crops have been grown, delivers them to the mortgagee in execution of contract, he is thereby clothed with the legal title as fully as if the crops were in existence at the execution of the mortgage, and the title thus acquired will prevail over that of a subsequent mortgagee.

2. *Lien for advances; statutes conferring, construed.*—Although the lien for advances has priority over all liens, except that of the landlord for rent, when created and enforced according to the statute, yet such lien creates no right of property or possession, in the party enforcing it by attachment, and the party raising the crop may transfer it freely, but such transfer is subordinate to the lien.

3. *Same.*—Such lien is a mere charge, or incumbrance, and the claimant of it can not support trespass, trover or detinue. The statute prescribes the remedy for its enforcement, by attachment to be levied on the crop, and such remedy is exclusive.

APPEAL from Eufaula City Court.

Tried before Hon. ALPHEUS BAKER.

This was an action of detinue, brought by the appellant, Mina Stern, against the appellees, Simpson & Johnson, to recover the possession of a certain bale of cotton. It was shown that the cotton in question was raised by one Tall Jones, in the year 1877, on a plantation cultivated by him in Barbour county; that the said Jones had, on the 27th of January, 1877, executed and delivered to the agent of plaintiff a mortgage on certain lands and four bales of cotton, and that he had delivered the bale of cotton sued for to the plaintiff's agent while the cotton was in the seed; that the cotton had been taken to a gin, and, according to orders of the plaintiff's agent, had been turned over to one Pleasant Jones for the purpose of carrying to the store of plaintiff, and that while said cotton was in the possession of said Pleasant Jones it was taken from him by one W. H. Harrell, as the agent of one J. H. Reeves, who claimed the cotton under a lien for advances; that the cotton was deposited by the said Harrell in the warehouse of the appellees, as the property of Reeves. It was shown that no attachment or other legal means had been resorted to by said Reeves to obtain the possession of said cotton. The instrument purporting to be a lien for advances to Reeves, was also introduced in evidence. This was all the evidence, and the plaintiff requested the court to

charge the jury that if they believed the evidence, they must find for the plaintiff. This charge the court refused to give, and the plaintiff duly excepted.

JOHN D. ROQUEMORE, for appellant.—Even if it be admitted that the instrument executed by Jones gave to Reeves a statutory lien for advances, it does not follow that the plaintiff should *not* recover. The lien is the creature of the statute, capable of existing and of being enforced only under the conditions and in the manner declared by the statute. It confers neither property nor the right of property, and can be made available only in the mode prescribed. The delivery of the cotton to the plaintiff, clothed her with the legal title and the right of possession, and the tortious taking of the cotton from her agent gave her a right to maintain detinue for its recovery. If the cotton in her hands was subject to the lien of Reeves, the proper course for him to pursue was to proceed by attachment, to subject it to his lien. He can not seize and hold in defiance of a legal title and right of possession, though the legal title be subordinate to his lien. The statute has defined his remedy in such a case, and that remedy is exclusive.

G. L. COMER, *contra*. No brief for appellees came to the Reporter's hands.

BRICKELL, C. J.—The mortgage to the appellant, so far as it purported to convey the crops of the mortgagor, not planted, but to be subsequently planted, may have been a mere executory contract. Yet, the crops having been grown, gathered, and delivered to the mortgagee in execution of the contract, he was thereby clothed with a legal title to them, as fully as if they had been in existence, and the subject of grant, when the mortgage was executed.—*Bryan v. Smith*, 22 Ala. 534; *Abraham v. Carter*, 53 Ala. 8. The title thus acquired will prevail over that of the appellee, dependent on a subsequent mortgage. But the argument is, that the subsequent mortgage to the appellee, is a crop lien, under the statutes, and has precedence over all prior mortgages, and all prior liens, except that of the landlord for the rent of the premises on which the crop is grown. Such is, doubtless, the operation of the statute, as has been repeatedly declared by judicial decision. The statute does not, however, change the right of property, or the right of possession—these remain as they may be, when the lien is created. It confers on the party making advances to enable another to make the crop, when the facts concur expressed in the statute, and

these facts are expressed in a written instrument which is duly recorded, a right to charge the crop with the payment of such advances, in priority of all other rights or liens, than that of the landlord for rent. The lien is to be enforced through the medium of an attachment against the crop, and is of the nature and character of the lien of an execution. Until the attachment is issued and levied, the right of property or of possession is not changed—and then it is changed, and to the officer levying the attachment, not to the party in whose favor it issues, the possession is transferred, and a special property so far as is necessary to preserve the lien and to protect the possession. The general property, even then, remains in the party raising the crop, unless he has transferred it, and it may be freely transferred, the transfer being subordinate to the lien. The lien holder can not take the crop from the possession of the party raising it, or from the possession of another, to whom it has been transferred.

A defendant in detinue may plead in justification, that the goods were pawned to him for a debt which is unpaid, or that he has a lien thereon. This is true of liens at common law, of which possession was an indispensable element, which created a special property, and which were lost if the possession was parted with voluntarily. The lien was indeed a right to retain possession, until a debt, or demand, or charge was satisfied, as in the case of an inn-keeper, or a carrier, or artificer, or factor, or pawnee. The lien on a crop for advances, created by the statute, is like the lien of a landlord for rent, or of a judgment, or execution creditor, or of an attachment. It is a mere charge, or incumbrance, when there is neither *jus in re*, nor *jus ad rem*, nor possession or a right to possession.—*Peck v. Jenness*, 7 How. 612; *Thompson v. Spinks*, 12 Ala. 155; *Dulany v. Dickerson, Ib.* 601; *Hussey v. Peebles*, 53 Ala. 432; *Treadway v. Treadway*, 56 Ala. 390. Not conferring a right of property, or a right of possession, the claimant of it can not support trespass, trover, or detinue for an injury to, or for the conversion, or for the detention of the crop. The statute prescribes the remedy he must pursue, an attachment against and to be levied on the crop.

When the cotton was delivered to the appellant by the mortgagor, she was, as we have said, clothed with the legal title, in addition to the actual possession. Reeves may have had a lien, to which, by force of the statute, the legal title was subordinate. But the lien did not authorize him to take possession of the cotton, or to detain it from the appellant. It could not, therefore, be pleaded in justification of the wrongful taking and detention—the remedy for its enforce-

ment prescribed by the statute ought to have been pursued. A judgment, or execution creditor, having a lien on property, could as well be justified in taking it from the possession of the debtor, or of one to whom the debtor had transferred it, as could Reeves be justified for his seizure and detention of the cotton. The court should, therefore, have instructed the jury as requested—that if they believed the evidence, the appellant was entitled to recover. It is not necessary to consider the other assignments of error.

Reversed and remanded.