# Martin *v.* The State.

## *Indictment for Carrying Concealed Weapons.*

1. *Limitation of prosecution.*—In a prosecution for a misdemeanor, to avoid the bar of the statute of limitations (Code, § 4644), on the ground that the prosecution was commenced before a justice of the peace before the expiration of twelve months, the indictment must be, in legal effect, a continuation of that prosecution; and where a warrant was issued by a justice, but the defendant, being arrested, failed to appear, and the default was thereupon certified to the Circuit Court, but no *alias* warrant was issued,—these facts do not avoid the bar of the statute of limitations, as against an indictment found after the expiration of twelve months.

FROM the Circuit Court of Lee.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case was returned into court on the 12th November, 1884, and charged that the defendant carried a pistol concealed about his person. The defendant pleaded not guilty, and the statute of limitations; and issue was joined on these pleas. "On the trial," as the bill of exceptions states, "it was proved that the offense charged was committed on June 1st, 1883; that affidavit was made, and a warrant of arrest issued against the defendant, on said charge, on the 16th July 1883; that the defendant was arrested under the same, on the 6th November, 1883, and was brought before the magistrate

[Martin v. The State.]

issuing it, and a preliminary hearing was set for the 6th October, and the defendant admitted to bail; that the case was continued by the magistrate, on that day, until the 19th October, when it was called for hearing, but the defendant failed to appear, and a forfeiture was then taken against him and his sureties; and that no other or further proceedings were had by or before the magistrate, or any other orders or entries made by him in the case, except to send up the forfeited bond to the Circuit Court, where, on the 11th November, 1884," a judgment was rendered, on motion of the solicitor, setting aside the conditional judgment on the bond, on account of informalities. On these facts, the defendant asked several charges in writing, which instructed the jury, in effect, that the prosecution was barred by the statute of limitations of twelve months; and he duly excepted to the refusal of these charges.

GEO. P. HARRISON, Jr., for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The question raised by the rulings of the Circuit Court is, whether the prosecution was barred by the statute of limitations. The offense charged was a misdemeanor,—the carrying of a pistol concealed about the person of the defendant. It is shown to have been committed on the first day of June, 1883. The indictment was found on November the twelfth, 1884. It is obvious, therefore, that the bar was complete by reason of the lapse of more than twelve months since the commission of the offense, unless the proceedings before the justice operate to take the prosecution out of the operation of the statute.—Code, 1876, § 4644.

The section of the Code relied on to accomplish this result is section 4646, which provides, that "a prosecution may be commenced, within the meaning of this chapter, by the issue of a warrant, or by binding over the offender."

We are of the opinion, that this statute contemplates that there must be some connection between the prosecution before the justice, and the one in the Circuit Court, before the former can operate to suspend the running of the statute. The indictment, in other words, must be the continuance, in legal effect, of what was commenced or originated before the justice. One legal proceeding can in no sense be said to be the commencement of another, when the two are so far separate and distinct as to be entirely without continuity or connection.

We see no such connection in the present case. The prosecution commenced before the magistrate, on the sixteenth of July, 1883, by the arrest of the defendant under a warrant,

seems to have terminated in that court, by the failure of the defendant to appear, resulting in a forfeiture of his bond, which was an obligation to appear at a time stated before the magistrate. It was the magistrate's duty to issue an *alias* warrant for the re-arrest of the defendant, and in this way to have continued the prosecution.—Code, 1876, § 4676. Certifying the default on the undertaking of bail, and returning this to the Circuit Court, was designed merely to inaugurate a civil suit in that court against the obligor and his sureties on the bond.—Code, 1876, § 4676.

Where the offense is one within the final jurisdiction of the magistrate, the prosecution is required to be commenced within sixty days next after the commsssion of the offense.—Code, § 4645. In such a case, the issue of the warrant is the commencement of the prosecution.—Code, 1886, § 4646, *supra.* Where the offense is one within the jurisdiction of the Circuit Court, and is not within the final cognizance of the magistrate, there must be a binding over of the defendant, resulting in a continuance of the prosecution in that court by indictment. *Molett v. The State*, 33 Ala. 408; *Foster v. The State*, 38 Ala. 425.

The rulings of the Circuit Court were opposed to this view of the law. The judgment is reversed, and a judgment will be entered in this court, discharging the defendant from further custody.