# Hardy & Co. v. Ingram.

*Trial of Right of Property.*

1. *Special finding of facts by court; revision on appeal.*—On the trial of a statutory claim suit, the facts being admitted, and the court thereupon finding, specially, that the property belongs to the claimant, the duty is devolved on this court, on appeal (Code, §§ 2743–45), to determine whether the facts are sufficient to support the judgment.

2. *Retroactive statutes.*—The statute approved February 28th, 1887,

[Hardy & Co. v. Ingram.]

which allows the holder of a lien or equitable title to maintain a statutory claim suit (Code, § 3004), does not apply to suits which were pending at the time of its passage.

3. *Landlord's lien, and right to maintain claim suit.*—The landlord's statutory lien for rent and advances does not confer on him a right of property sufficient to support trespass, trover, or detinue; and he could not, prior to the passage of said act of February 28th, 1887, maintain a statutory claim suit.

APPEAL from Clay Circuit Court.

Tried before Hon. JOHN B. TALLY.

Hardy & Co., appellants, plaintiffs below, obtained judgment against one Nolen, and execution thereon issued and was levied on certain cotton and corn in possession of said Nolen. Ingram, appellee, appeared as claimant of the property under the statute. The issue was found in favor of claimant and Hardy & Co. appealed.

PEARCE & KELLY, for appellant.—Section 3004 of the Code of 1886 is not retroactive.—83 Ala. 440; *Ib.* 408; *Ib.* 299.

LACKEY & HOOD, and SMITH & SMITH, *contra.*—The statute is remedial and should be construed in favor of claimant. *Ex parte Buckley*, 53 Ala. 42.

CLOPTON, J.—The statute authorizes parties to a civil action to agree in writing that an issue of fact may be tried and determined by the court without the intervention of a jury, and the finding may be general or special, unless one of the parties requests a special finding. On the trial, either party may reserve, by bill of exceptions, any ruling, opinion or decision of the court, to which an exception could have been reserved, if a trial by jury had not been waived, and is entitled to an appeal from the judgment of the court; and, "if the finding is special, on appeal, the Supreme Court must examine and determine whether the facts are sufficient to sustain the judgment."—Code, 1886, §§ 2743–2745. This proceeding was a statutory trial of the right of property. The sole question was, whether, on the facts which were admitted, the property levied on was liable to the execution, or was the property of the claimant. On the admitted facts, the court found specially, that the property was not the property of the defendant in execution, and was the property of the claimant. We regard this a special finding in the meaning of the statute, and the appeal devolves on us the duty of examining

35

[Grayson, Adm'r, v. Latham et al.]

and determining whether the facts are sufficient to support the judgment.

The levy was made and the claim interposed prior to the enactment of the statute of February 28, 1887, which constitutes section 3004 of Code of 1886, which provides: That the right of trial to property provided by the statute shall include any person who holds a lien upon, or equitable title to such property. We have heretofore held that the act is not retrospective, and that a claimant must maintain his claim on the title he had, when it was interposed, and that the rights of the parties must be determined by the law then in force.—*Wetzler v. Kelly,* 83 Ala. 440. By the law in force at the time the proceeding was instituted, the claimant must show a legal title to the property with actual possession, or a right to possession, such as would maintain trespass, trover or detinue. At the time of the levy the property was in the possession of the defendant in execution. The only claim or right to the property of the claimant as shown by the admitted facts is a landlord's lien for rent and advances. Such lien does not confer on the landlord a right of property sufficient, prior to the adoption of section 3004, to support a claim under the statute.—*Treadway v. Treadway,* 56 Ala. 390. The facts do not support the judgment of the court.

The parties agreed that if the judgment was reversed, this court should render the proper judgment. This we can not do, as there is no proof, from which we can ascertain and assess the value of each article of the property separately, as required by the statute.

Reversed and remanded.