# Wynn v. The State.

### Indictment for Slander.

1. *Trial by court without jury; revision of finding on facts.*—A trial by jury not being demanded, in a criminal prosecution before the Criminal Court of Pike (Sess. Acts 1888-9, p. 631, § 7), this court can not review the conclusions of the judge on the evidence adduced.

2. *Hard labor for county, on non-payment of fine and costs.*—On conviction of a misdemeanor, punished by fine only, followed by a sentence to hard labor for the county to enforce its payment, an additional term of hard labor may be imposed for the costs (Code, §§ 4502-04).

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The defendant in this case was indicted for verbal slander in charging that Jack Parker had committed perjury in testifying as a witness on the trial of a criminal prosecution against said defendant and his son. On the trial, the defendant pleaded not guilty, but did not demand a trial by jury. On the evidence adduced, all of which is set out in the bill of exceptions, the court adjudged the defendant guilty, and further, "that the following punishment be awarded—a fine of $20, and ten days hard labor for the county, and the costs of this proceeding; and the fine and costs not being pres-

ently paid, nor judgment confessed therefor, the defendant must also perform hard labor for the county for ten days, and an additional term, not exceeding eight months, as is sufficient to pay the costs, at 30 cents per day."

WM. L. MARTIN, Attorney-General, for the State, cited *Knowles v. State*, 80 Ala. 9; *Bell v. State*, 75 Ala. 25; *Gilliam v. State*, 71 Ala. 10; *Cawthorn v. State*, 68 Ala. 157; *Summers v. State*, 70 Ala. 16.

McCLELLAN, J.—The appellant, having waived a jury, was tried and convicted before the judge of the Criminal Court of Pike county. The exception reserved goes only to the correctness of the court's finding on the facts. The statute establishing that court does not authorize us to review the conclusions of the judge on the evidence adduced before him.—Acts 1888–89, p. 631. Without statutory authority in that behalf, this court has no jurisdiction in such cases. *Knowles v. State*, 80 Ala. 9; *Bell v. State*, 75 Ala. 25. Were this otherwise in the present instance, appellant would take nothing by this appeal. The judgment below is abundantly supported by the evidence.

It may be that this record was intended to bring under review the action of the Criminal Court in sentencing defendant to hard labor for the payment of costs, and that reliance in that regard is had upon the opinion of this court in *Ex parte Long*, at this term. That case, in respect to the imposition of hard labor for costs, has been reconsidered, and the opinion modified, so as to leave no doubt of the power to impose such sentence.—*Ex parte Long*, *ante*, p. 47.

The judgment of the Criminal Court is affirmed.