# Giles *v.* The State.

*Indictment for Failure to Perform Service for Surety in Confessed Judgment for Fine and Costs.*

1. *Trial by court without jury; revision of judgment.*—On a prosecution before the Criminal Court of Pike (Sess. Acts 1888-9, p. 631, § 7), a trial by jury not being demanded, this court can not review or revise the conclusions of the judge on the evidence adduced; but, when the evidence is without conflict, and the facts present only a legal question, the decision of the lower court is revisable on appeal.

2. *Limitation of prosecution; former proceedings in County Court.*—A prosecution by indictment for a misdemeanor is barred by the statute of limitations of one year (Code, §§3711, 3714), although a warrant was sued out within the year, when it appears that it was returned for an *alias,* and no further proceedings were had under it.

[Giles v. The State.]

3. *Sufficiency of indictment.*—An indictment which charges that the defendant, having been convicted of a misdemeanor, " in consideration of M. having confessed judgment and being security for said fine and costs, entered into a contract in writing with said M.," which was approved in open court and duly recorded, " to perform service, and has abandoned said contract without just cause or excuse, and has failed or refused to perform said service," though not in the words of the statute (Code, § 3832), is substantially sufficient on demurrer.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The indictment in this case, which was returned into court on the 31st October, 1889, charged that the defendant, Frazier Giles, " having been convicted in the County Court of Pike county on a charge of a misdemeanor, and in consideration of M. D. Miers having confessed judgment and being security for said fine and costs, entered into a contract in writing with said M. D. Miers to perform service, said contract approved in open court by the presiding judge, and has abandoned said contract without just cause or excuse, and has failed or refused to perform said service; said contract having been recorded in the probate office of Pike county, within the time prescribed by law; against the peace," &c. The defendant demurred to the indictment, but his demurrer was overruled; and he then pleaded not guilty.

On the trial before the court, as the bill of exceptions shows, a jury not having been demanded, the prosecution offered in evidence the written contract referred to in the indictment, which was dated September 27th, 1888, and contained recitals and indorsements showing its due approval and registration; and introduced said M. D. Miers as a witness, "who testified substantially that, on the day of the execution of said instrument, in Troy, Alabama, the defendant refused to go and work with him, and has never been about him to perform said contract up to the finding of the indictment in this case." The prosecution here closed, and the defendant then moved to dismiss the case, "on the ground that the prosecution was not commenced within twelve months after the commission of the offense." In opposition to this motion, the court allowed the prosecution, against the objection and exception of the defendant, to introduce in evidence a warrant for the defendant's arrest, issued by the judge of the County Court on the 25th October, 1888, charging him with a failure to perform service for said Miers under said written contract; and allowed the judge of said County Court to testify, that the warrant was issued on an affidavit which

charged the offense in substantially the same words, and that he had not been able to find said affidavit after diligent search. The defendant objected and excepted to the admission of each part of this evidence. The warrant, as offered and read in evidence, was indorsed, "Returned for an *alias*, February 16th, 1889;" and there was no proof that any other proceedings were ever had under it. The above being "substantially all the evidence," the court found the defendant guilty, and imposed a sentence as prescribed by law; to which judgment and ruling the defendant duly excepted.

W. L. PARKS, for appellant.—(1.) The indictment is for a statutory offense, and it ought to have pursued the words of the statute, or used words of the same import and meaning.—*Smith v. State*, 63 Ala. 55; *Sparrenberger v. State*, 53 Ala. 481; *Johnson v. State*, 44 Ala. 414; *Bryan v. State*, 45 Ala. 86; *Danner v. State*, 54 Ala. 127; *McPherson v. State*, 54 Ala. 221. The indictment does not allege that the defendant was "released on such confession of judgment," as the words are used in the statute; and instead of negativing "a good and sufficient excuse," avers that the failure was "without just cause or excuse." It is submitted that the words are not synonymous. (2.) The prosecution was barred by the statute of limitations, no connection being shown between the indictment and the former warrant.—Code, §§ 3711, 3714.

WM. L. MARTIN, Attorney-General, for the State, cited Code, § 3832; *Wynn v. State*, 82 Ala. 55; *Lee v. State*, 75 Ala. 29; *Leach v. State*, 75 Ala. 36; *Wynn v. State*, 87 Ala. 137.

McCLELLAN, J.—The act of February 25, 1889, establishing the Criminal Court of Pike county, and providing for appeals from that court to this, does not authorize us to review the conclusions of the judge of that court on the evidence adduced before him, a jury being waived.—Acts 1888-85, pp. 631-636; *Wynn v. State*, 87 Ala. 137. If, however, the facts put in evidence in a given case, or in respect to a particular matter, before the judge of that court, are free from conflict, and do not admit of adverse inferences or deductions, the action of the court in applying the law to those facts will be reviewed. In such case, the matter revised is a conclusion of law from undisputed facts, and not the finding

[Giles v. The State.]

of fact from the evidence adduced on the trial.—*Skinner v. State*, 87 Ala. 105; *Hardy v. Ingram*, 87 Ala. 544; *Boyd v. State*, *Ante*, p. 169.

The present case illustrates the foregoing proposition. The offense charged was barred by the statute of limitations of one year, unless, as was claimed, the prosecution had been commenced within the year, by the issuance of a warrant, as provided by section 3714 of the Code. There was no dispute as to whether a warrant for the arrest of the defendant, for the offense charged against him by the indictment under which this conviction was had, was issued within a year from the commission of the offense; but the contention was, that the issuance of the warrant did not have the effect of saving the prosecution from the bar of the statute; and this contention, manifestly, raised a question of law, which the lower court decided adversely to the defendant. We entertain no doubt of our right and duty to review this action under the principles adverted to above.

The evidence showed only the filing of a complaint before the judge of the County Court, charging defendant with the crime for which he was indicted beyond the year, the issuance by that officer of a warrant for the arrest of the defendant on that charge, and the return of the warrant "for an *alias*." There was nothing tending to show that an *alias* was ever issued; that the defendant was ever arrested on, or appeared to answer that charge; that any other or further step or proceeding was taken in that behalf, or that the defendant was bound over to, or appeared in the Circuit Court, whence this indictment was certified, to answer that prosecution. On these uncontroverted facts, there was no connection between the prosecution instituted within the year by complaint and warrant in the County Court, and the prosecution instituted beyond the year by indictment in the Circuit Court; and the judge of the Criminal Court committed an error of law—not of fact—in holding the latter proceeding was a continuation of the former, in such manner as to bring the prosecution within the exception to the statute of limitations applicable to offenses of this grade.—*Martin v. State*, 79 Ala. 267.

Section 3832 of the Code, under which appellant was convicted, provides, that the failure or refusal of a party, who enters into a contract of service on confession of judgment, &c. "without a good and sufficient excuse," to discharge and perform that contract, renders him guilty of a misdemeanor.

The present indictment charges such failure or refusal, "without just cause or excuse;" and it is insisted that the demurrer, which proceeded on the ground that the indictment did not follow the statute in describing this purely statutory defense, should have been sustained. Section 4370 of the Code provides that: "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning." To our minds, the words employed in the indictment convey substantially the same meaning as those used to describe the offense in the statute; and we hold there was no error in overruling the demurrer.

For the error pointed out in reference to the statute of limitations, the judgment of the Criminal Court is reversed, and the cause remanded.