# Gordon *v.* The State.

129 113
130 68

*Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that the defendant killed the deceased by shooting him with a pistol, exclamations of persons who were some distance from the combatants at the time of the shooting, to the effect that the deceased had killed the defendant, are but the expressions of opinion on the part of the persons making them, and are inadmissible in evidence.

2. *Same; when particulars of former difficulty admissible in evidence.*—On a trial under an indictment for murder, where the defendant has introduced evidence of the particulars of a former difficulty between the defendant and the deceased, showing that the former was not at fault in such difficulty, and actually declined a combat, it is competent for the State to introduce in evidence testimony of the particulars of the same difficulty, showing that the defendant was in fact the aggressor, and that he showed a disposition to bring on the encounter; and in such case it is not error for the court to refuse the request of the defendant to instruct the jury that such testimony in rebuttal is only for the purpose of contradicting the witness for the defendant who had testified in reference to such difficulty.

3. *Same; charge as to reasonable doubt.*—In a criminal case, a charge which instructs the jury "that if they have a reasonable doubt as to the defendant's guilt, arising out of any part of the defendant's guilt, then they must acquit the defendant," is misleading and properly refused, in that it pretermits all reference to a consideration of the whole evidence by the jury.

4. *Same; charge as to duty to retreat.*—On a trial under an indictment for murder, where there is evidence on the part of the defendant tending to show that the deceased commenced the difficulty and snapped his pistol at the defendant before the defendant fired the fatal shot, a charge which instructs the jury that if they believe from the evidence that the defendant did not commence the difficulty, and that

8

the deceased commenced the difficulty and snapped his pistol at the defendant within shooting distance, that the defendant was not required to retreat, is erroneous and properly refused, in that it does not submit the question of the defendant's duty to retreat, as required by law, to the jury.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant, Littleton Gordon, was indicted and tried for the murder of David John Stephens, was convicted of murder in the second degree and sentenced to the penitentiary for thirty years.

The evidence for the State tended to show that as the defendant and the deceased, David John Stephens, were walking home from a country church at night, the defendant caught hold of the deceased, and, holding on to his coat, walked past several other people who were also returning from church; that when the defendant and the deceased were some distance in front of the persons whom they passed, the deceased was heard to say to the defendant: "Turn me loose, Littleton;" that he made this remark three times; that immediately after making this remark the third time a pistol was fired and David John Stephens fell, and that after he had fallen to the ground the defendant shot him a second time, and that he died from the effects of the wounds so inflicted.

The evidence for the defendant tended to show that while the defendant was walking from church the deceased walked up to him and that as the defendant spoke to the deceased, the latter replied that "they could now have a settlement of their matter"; that the defendant, without replying, turned to walk away from the deceased, and as he did so, the deceased drew a pistol and snapped it at the defendant, whereupon the defendant turned around and fired upon the deceased; and that as the deceased was falling he fired at the defendant.

The defendant introduced in evidence the testimony of several witnesses showing that a short time before the killing the deceased and the defendant had a diffi-

culty, and the defendant ran away from the deceased. This testimony was introduced without objection. There was other evidence introduced tending to show that there was great animosity existing between the defendant and the deceased.

During the examination of some of the witnesses for the defendant, they testified that as they were going from the church and were a hundred or more yards away from the defendant and the deceased, they heard a pistol shot and that some one near them exclaimed: "David John has killed Littleton," meaning that David John Stephens had killed the defendant. Upon objection and motion upon the part of the State, the court excluded the testimony of each of the witnesses so testifying, and to each of these rulings the defendant separately excepted.

In rebuttal the State introduced several witnesses who testified that at the time of the former difficulty between the defendant and the deceased, which was testified to by the defendant's witnesses, the deceased, David John Stephens, went to the defendant's house to notify him to work the public roads, that upon Stephens so notifying the defendant, he rushed into his house and came out with two pistols, and levelling them upon Stephens, ordered him away from his house. The defendant objected to the introduction of the evidence showing the particulars of the former difficulty, as introduced by the State in rebuttal, and duly excepted to the court's overruling his objection.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they have a reasonable doubt as to the defendant's guilt arising out of any part of the evidence, then they must acquit the defendant." (8.) "If the jury believe from the evidence that Littleton Gordon did not commence the difficulty and that David John Stephens commenced the difficulty and snapped

his pistol at Littleton Gordon, within shooting distance, that Littleton Gordon was not required to retreat."

JONES & JONES, for appellant.—The court erred in excluding from the jury the testimony as to the exclamations made by persons at the time the defendant killed the deceased. Such exclamations were a part of the *res gestae* and coincident in point of time with the homicide, and served to illustrate it.—*Garrett v. State,* 76 Ala. 18; *Hill v. State,* 78 Ala. 1; *Dismukes v. State,* 82 Ala. 389; 1 Greenleaf on Evidence, § 108.

The court erred in permitting the State's witness to testify as to the former difficulty between the defendant and the deceased.—*Garrett v. State,* 76 Ala. 18; *Stewart v. State,* 79 Ala. 436; *McAnally v. State,* 74 Ala. 9; *Rutledge v. State,* 88 Ala. 91.

The court erred in refusing to give charge numbered 1 requested by the defendant.—*Heard v. State,* 94 Ala. 100; *Lodge v. State,* 122 Ala. 107; *Nicholson v. State,* 117 Ala. 32.

The court erred in refusing to give charge No. 8 requested by defendant.—*DeArman v. State,* 77 Ala. 10.

CHARLES G. BROWN, Attorney-General, for the State.

TYSON, J.—Manifestly the exclamation of those, upon hearing the pistol shot, some hundred yards away from the place of the shooting, that "David John has killed Littleton," was but an expression of an opinion —an erroneous opinion at that.

The defendant had introduced evidence of the particulars of a former difficulty between defendant and deceased, and in rebuttal the State offered testimony of the particulars of the same difficulty. The refusal of the court to exclude the testimony offered by the State was not error; nor was the refusal of the court to limit the effect of this testimony improper. The defendant having offered evidence detailing all the particulars of the former controversy between them, the State had the

[Gordon v. The State.]

right to have the jury informed as to the deceased's side of the controversy. The defendant, after introducing this evidence for the purpose of showing that he was not at fault in the matter, and actually declined a combat, it would be unfair to the prosecution not to permit the State to show that he was in fact the aggressor and that he exhibited a disposition to bring on a difficulty. This in nowise infringes the general rule that evidence as to the particulars of the former difficulty should not be admitted, if objected to; but is simply the enforcement of the rule that where one party introduces illegal evidence, his adversary may rebut it by testimony of the same nature and character. *Morgan v. The State,* 88 Ala. 233; *Winslow v. The State,* 92 Ala. 78.

Charge No. 1 pretermits all reference to a consideration of the whole evidence by the jury and was misleading.—*Nicholson v. The State,* 117 Ala. 32.

It is clearly the law that the defendant was under the duty to retreat unless by doing so he would thereby have apparently placed himself in greater peril.—*Carter v. The State,* 82 Ala. 13 and authorities therein cited; *Roden v. The State,* 97 Ala. 54; *McDaniel v. The State,* 97 Ala. 14; *Gilmore v. The State,* 125 Ala. 21. And it is generally a question for the jury under all the evidence.—*De Arman v. The State,* 77 Ala. 10; *McDaniel v. The State, supra.* Defendant's counsel concede this to be the law, but they contend that the charge under consideration submits this question of defendant's duty to retreat to the jury. In this we cannot concur.

Affirmed.