# Bradford *v.* The State.

## *Gaming.*

(Decided June 30, 1906. 41 So. Rep. 1024.)

1. *Criminal Law; Appeal; Review; Finding by Court.*—Although the act conferring on the County Court of Lawrence County, jurisdiction of misdemeanor does not authorize this court to review the conclusions of the Judge on the evidence in cases

[Bradford v. The State.]

tried without a jury, where there is no conflict in the evidence, the action of the court in applying the law to the facts will be reviewed.

2. *Gaming; Prosecution; Burden of Proof.*—In a prosecution for betting at a game of cards in a public place, it is on the state to show beyond a reasonable doubt that the place was a public one.

3. *Witnesses; Cross Examination; Knowledge of Witness.*—Witnesses having testified that they did not think the place where the game was played could be seen from a certain public road, it was proper for the solicitor on cross examination, to ask the witness if they could say that the playing at the place could not be seen from any point along the public road.

4. *Gaming; Prosecution; Evidence; Sufficiency.*—Where it appeared that the playing was done at night in a patch of woods about 150 feet from a church where religious services were going on, and about the same distance from the public road; and it further appeared that it could not be seen from the church, and the witnesses did not think it could be seen from the public road, although they could not say that it could not be seen from any point on the road; and it further appeared that the place was not frequented for the purpose of gambling, and that the game stopped as soon as two or three persons from the church, who were attracted by the light of the fire, came up, such evidence was insufficient to show that the place was a public one.

APPEAL from Lawrence County Court.

Heard before Hon. J. C. KUMPE.

The defendant was tried and convicted for playing a game of cards or dice in a public place. The facts are sufficiently stated in the opinion of the court.

G. O. CHENAULT, for appellant.—(No brief came to the Reporter.)

MASSEY WILSON, Attorney General, for State.—(No brief came to the Reporter.)

DOWDELL, J.—The defendant was tried and convicted by the county court of Lawrence county on an indictment for betting at a game played with cards in a public place. The indictment was found by the grand jury

at the Spring term, 1905, of the circuit court of Lawrence county, and was by that court transferred to the county court under the statute. The trial was by the court without a jury.

Neither the act approved February 6, 1891, nor the act amendatory thereof, approved February 10, 1899 (Acts 1898-99, p. 836), conferring jurisdiction in such cases on the county court, authorizes us to review the conclusions of the judge of that court on the evidence adduced before him in the trial of a case without a jury. But, as was said in the case of *Giles v. State,* 88 Ala. 230, 67 South. 271 : "If, however, the facts put in evidence in a given case, or in respect to a particular matter, before the judge of that court, are free from conflict, and do not admit of adverse inferences or deductions, the action of the court in applying the law to those facts will be reviewed. In such case, the matter revised is a conclusion of law from undisputed facts, and not the finding of fact from the evidence adduced on the trial."—*Skinner v. State,* 87 Ala. 105, 6 South. 399; *Hardy v. Ingram,* 84 Ala. 544, 4 South. 372; *Boyd v. State,* 88 Ala. 169, 7 South. 268, 16 Am. St .Rep. 31. Under the indictment in this case, the burden was on the state to prove beyond a reasonable doubt that the place at which the alleged playing occurred was a public place. The evidence showed without conflict that the playing was done at night in the woods about 150 yards from a church where religious exercises were going on, and about the same distance from a public road. The evidence further showed that there were trees and bushes between the church and the place of playing, and so as to the public road; and furthermore, that the place could not be seen from the church. The defendant and only one other was engaged in the game, and no one else was present. The place was not one frequented for the purpose of gaming, and this was the only time that the defendant had ever played cards at that place. Three or four persons were attracted and drawn from the church by the light from the fire, which the defendant and his companions had made for the purpose of playing, and

when these persons came upon the scene the game stopped, and was not afterwards engaged in. There was no evidence that the place could be seen from the public road. Witnesses testified that they did not think it could be seen from the public road. But, the court permitted the state, against the objection of the defendant, to ask the witnesses if they could testify that the playing at that place could not be seen from any point along the public road, to which interrogatory they each answered in the negative. It may be that this question was permissible, and doubtless was, in view of the statement by the witness, that he did not think the place could be seen, but alone and of itself, it was insufficient to show that the place of playing cards could be seen from any point along the public road. This was negative evidence without any affirmative tendency. It was not enough to afford a reasonable inference of the existence of a fact in issue, and which it was incumbent upon the state to establish beyond a reasonable doubt, before a conclusion of the defendant's guilt could be reached.

We are of the opinion that on the undisputed evidence the question is one of law, and that the court erred in the judgment rendered.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.