# Ryan v. City of Birmingham.

## Violating City Ordinance.

(Decided May 20, 1909.  49 South. 749.)

1. *Appeal and Error; Review; Law Question.*—While the Act creating the criminal court of Jefferson county and the acts amendatory thereof do not give this court authority to review the finding of facts as made by that court, yet, if the facts are undisputed, free from conflict, and admit of no adverse inference, the issue becomes a question of law, and the action of the court will be reviewed thereon.

2. *Intoxicating Liquors; Illegal Sale.*—The evidence in this case examined and held insufficient to show a sale or disposition of liquors in violation of an ordinance prohibiting the selling or disposing of intoxicating liquors while concealed in a house or by substitute.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. C. HOWZE.

Dan Ryan was convicted of illegally selling intoxicating liquors, and appeals. Reversed and remanded.

The affidavit, omitting the formal charging part, is as follows: "W. L. Mitchell, being duly sworn, says: That spirituous, vinous, or malt liquors or intoxicating beverages have been sold or otherwise disposed of in violation or evasion of law, and against the peace and dignity of the state of Alabama, in a certain house, room, or inclosure in the city of Birmingham, Alabama,

to-wit, at No. 118 North Twenty-Third street, and that the person committing such offense conceals himself in such house, room, or inclosure aforesaid, or is using therein a device or subterfuge in selling or otherwise disposing of such liquors or beverages, and that such person was unknown to the affiant, who is making this complaint, and that said offense is being committed contrary to the law of, and against the peace and dignity of, the state of Alabama." The fiat issued on said affidavit was in the following language: "Whereas, complaint has been ·made before N. D. Fagin, judge of the police court of Birmingham, Alabama, under oath, under and according to the terms of section 5084 of the Criminal Code of the state of Alabama, which complaint and affidavit is set forth above; and whereas, W. L. Mitchell has complained on oath before the said N. D. Fagin, as judge of the police court of Birmingham, Alabama, that spirituous, vinous, or malt liquors or intoxicating beverages have been sold or otherwise disposed of in violation or evasion of law and against the peace and dignity of the state of Alabama in a certain house, room, or inclosure in the city of Birmingham, Alabama, to-wit, at No. 118 North Twenty-Third street, and that the person committing such offense conceals himself in such house, room or inclosure, as aforesaid, or is using therein a device or substitute in selling or otherwise disposing of such liquors or beverages, and that such person is unknown to the affiant, who has made such complaint, and that said offense is being committed contrary to the law of, and against the peace and dignity of, the state of Alabama: Now, therefore, you are hereby commanded to proceed at once to the said house, room, or inclosure in which said violation of law is alleged to have occurred, and arrest such unknown person charged in said complaint to have committed the

offense herein named, and to arrest all persons at the said place, as required by section 5084 of the criminal code of Alabama, and bring them before the said judge of the police court of Birmingham," etc. The writ was executed by arresting D. O. Ryan, W. D. Bufford, and Thomas Davenport. Demurrers were filed to this information but it is not necessary to here set them out.

Upon the trial of the cause the defendants were found guilty, fined $100, and sentenced to perform 90 days' hard labor for the city of Birmingham. The testimony tended to show that the building was a two-story frame building, with a hall running directly through the building from front to rear, both upstairs and downstairs, with the rooms on either side of the hall, and that when the witness got to the front door and knocked he was admitted without objection; that when he entered there was a number of men in both of the front rooms downstairs, sitting around talking to each other, the room to the right seeming to be a sitting room or parlor, and the room to the left an office, all of whom were arrested. In one of the rooms upstairs was the counter similar to that used in barrooms, underneath which was a box or trough, divided into partitions, and in which was bottled beer on ice, and behind this counter was built against the wall a large number of lockers or boxes, with doors unlocked, some of which were locked and some were not. "In a number of these lockers and boxes I found whiskey and beer in bottles, and behind the counter whiskey glasses, sugar, spoons, and syrup." In this room was a man named Belmore, who had on an apron and appeared to be in charge of the room. Some of the beer which was in the trough underneath the counter had tags with numbers on the bottle, and others had nothing on them. Behind the counter was a box, with a number of red tickets on it, which Belmore

said were charged up to him as cash. A lot of cash was in the desk in one of the front rooms downstairs. A book was found, with the names and addresses of various people in it, below a common date; also blanks on which to order beer, with the printed address, "Schlitz Brewing Co., Chattanooga, Tenn," on it. A number of receipted bills for both beer and whisky, which had been shipped and delivered to the Union Club, Birmingham, Ala., and a book of a daily record for a number of days of bottled beer sold, all of which was offered in evidence. It is also shown that the house was occupied as quarters of the Union Club. Witness saw no whiskey or beer sold to any person. Other witnesses testified substantially to the same state of facts. It was further shown that the goods were shipped to divers persons, "via Charlie's Transfer Company, care Union Club, Birmingham, Ala." It is also shown that the club was incorporated under sections 1310 to 1313, inclusive, Code 1896. It is shown that Ryan, Bufford, and Davenport were about the Union Club.

JOHN T. GLOVER, for appellant.—On the undisputed facts the judgment of the court applying the law was erroneous, and this court will review the same.—*Bradford v. The State,* 41 South. 1024; *Giles v. The State,* 88 Ala. 230. Counsel discuss the other assignments of error, but without citation of authority.

J. Q. SMITH, for appellee.—This court will not review the finding of the criminal court of Jefferson county on the facts.—*Fiebleman v. The State,* 130 Ala. 122.

SAYRE, J.—The proceeding against the appellant was begun and had under sections 5082 and 5084 of the Code of 1896. The appellant, on a trial in the criminal

court of Jefferson county without a jury, was adjudged guilty and appeals. His exception was and is to the judgment and sentence of the trial court.

There is no provision in the act creating the criminal court of Jefferson county, or in the acts amendatory thereof, authorizing this court to review findings of fact in that court.—Weakley's Loc. Laws, 599-607; *Feibelman v. State*, 130 Ala. 122, 30 South. 384. If, however, the evidence adduced on the trial was free from conflict, and admitted of no adverse inferences or deductions, the issue involved became a question of law arising from undisputed facts, and will be reviewed in this court.—*Giles v. State*, 88 Ala. 230, 7 South. 271; *Bradford v. State*, 147 Ala. 118, 41 South. 1024.

The contention of the appellant is that on the undisputed facts he should have been adjudged not guilty, and in this we agree.

The judgment will be reversed, and the cause remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.